connection with the consideration and disposition of a motion to expunge fall by the wayside.

3. The defendant, if she chooses, may pursue a petition to seal her record under G. L. c. 276, § 100C, second par. (1992 ed.), in accordance with the standards described in *Commonwealth* v. *Doe, supra* at 146-153.

*Report discharged.*

*Beth L. Eisenberg* for the defendant.

*William J. Duensing,* Assistant Attorney General, for the Commonwealth & another.

*Joanne L. Belasco* for Boston Police Department.

COMMONWEALTH *vs.* ALFREDO COMPANONIO. June 1, 1995. *Practice, Criminal,* New trial, Assistance of counsel.

The Commonwealth appeals from an order of a judge of the Superior Court, who was the trial judge, allowing the defendant's motion for a new trial. A jury had convicted the defendant on the charge of murder in the first degree on April 23, 1987. Following the withdrawal of the defendant's trial counsel, his appellate counsel filed a motion for a new trial in this court. The defendant claimed ineffective assistance of counsel at trial. The motion was transferred to the Superior Court for disposition. After conducting a hearing, the judge found that the defendant's counsel had failed to investigate fully the possibility that the defendant was suffering from a mental impairment. The judge concluded that the defendant had received ineffective assistance of counsel, and she granted the defendant's motion for a new trial. The judge heard no testimony on the new trial motion and made her decision solely on the basis of affidavits and legal arguments. We vacate the judge's order granting the defendant's motion for a new trial because the record is insufficient to support such an order. Among other issues, the present record fails to show whether the defendant actually suffered from an impairment at the time of the murder and, if evidence existed to support an issue as to impairment, whether the failure to raise the issue was the result of trial strategy.

We are not, however, ruling as a matter of substance. Rather, we remand the case to the trial judge with the following instructions: (1) conduct a full evidentiary hearing on the motion for a new trial; (2) receive testimony from the defendant's trial counsel regarding the nature and extent of the defendant's instructions to him concerning trial strategy; and finally, (3) the judge shall enter a new order on the motion and, if the motion is granted, indicate whether, and in what respects, she relied on any special knowledge that she had garnered during the course of the trial about the effectiveness of defense counsel.

The order granting the motion for a new trial is vacated and the case remanded for further proceedings consistent with this opinion.

*So ordered.*

*Joseph F. Krowski* for the defendant.

*Robert C. Thompson,* Assistant District Attorney, for the Commonwealth.

RODNEY ARMOUR *vs.* COMMONWEALTH. June 2, 1995. *Larceny. Statute,* Amendment.

This is an appeal from a decision of a single justice denying a complaint in the nature of mandamus pursuant to G. L. c. 249, § 5 (1992 ed.), of Rodney Armour, whom we shall call the defendant. The complaint is based on the contention that the defendant's incarceration for a violation of probation was improper because the statute under which he had been convicted, G. L. c. 266, § 30, as amended through St. 1987, c. 24, § 1, (larceny over $100) had been amended at the time of his sentencing to larceny over $250. See St. 1987, c. 468, § 1. The mere fact that the statute under which the defendant was convicted was later amended so as to be more favorable to other persons than the law applied to the defendant does not invalidate the original statute. *Commonwealth* v. *Purdy,* 408 Mass. 681, 685 (1990). Furthermore, the Commonwealth contends, and the defendant does not dispute, that the amount of the defendant's larceny far exceeds the larger sum specified in the amended statute.

*Judgment affirmed.*

*Rodney Armour,* pro se, submitted a brief.

MASSACHUSETTS MUNICIPAL WHOLESALE ELECTRIC COMPANY *vs.* TOWN OF DANVERS. July 24, 1995. *Practice, Civil,* Summary judgment. *Electric Company. Public Utilities,* Electric company, Sale of electric power.

We granted further appellate review of the Appeals Court's decision, pursuant to rule 1:28, see 37 Mass. App. Ct. 1106 (1994), reversing the Superior Court's allowance of the Massachusetts Municipal Wholesale Electric Company's (MMWEC) motions for summary judgment on counts of promissory estoppel and breach of material representations. We conclude that summary judgment was proper.

"[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in Mass. R. Civ. P. 56 (c), [365 Mass. 824 (1974),] unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case. . . . That showing having been made, the plaintiff was required to respond by 'set[ting] forth specific facts showing that there is a genuine issue for trial.' Mass. R. Civ. P. 56 (e)." *Kourouvacilis* v. *General Motors Corp.,* 410 Mass. 706, 716 (1991).