## Commonwealth *vs.* Lucas H. Almonte.

No. 12-P-901.

Essex. February 11, 2013. - January 27, 2014.

Present: Trainor, Katzmann, & Sikora, JJ.

*Alien. Practice, Criminal,* Plea, Assistance of counsel, Affidavit, Findings by judge. *Constitutional Law,* Plea, Assistance of counsel.

A District Court judge abused his discretion in allowing the criminal defendant's motion to withdraw pleas of guilty and vacate convictions without conducting an evidentiary hearing and providing supporting findings of fact and reasoning, where the omission of an evidentiary hearing deprived the Commonwealth of a fair opportunity to contest the motion and prevented the determination of material facts, in that certain evidence clearly conflicted with the defendant's claim of ineffective assistance of counsel; and where the omission of findings and reasoning constituted a violation of the standards of Mass.R.Crim.P. 30(b) and (c)(3). [737-740]

Discussion of the general effect of intervening precedents on a claim pursuant to the rule of *Padilla* v. *Kentucky,* 559 U.S. 356 (2010), that the failure of counsel to advise a defendant of the risk of deportation resulting from a guilty plea denies him the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. [740-742]

Complaint received and sworn to in the Lawrence Division of the District Court Department on April 11, 2005.

A motion to withdraw pleas of guilty and vacate convictions, filed on January 20, 2012, was considered by *Matthew J. Nestor,* J.

*Philip A. Mallard,* Assistant District Attorney, for the Commonwealth.

*Murat Erkan (Matthew Bingham* with him) for the defendant.

Sikora, J. In 2005, a District Court judge accepted pleas of guilt by the defendant to two counts of assault and battery. In 2012, the judge allowed the defendant's motion to vacate the convictions. The defendant contended that the pleas had resulted from the ineffective assistance of counsel because his attorney

had failed to advise him of the exposure to deportation created by the pleas as required by *Padilla* v. *Kentucky*, 559 U.S. 356 (2010) (*Padilla*). The Commonwealth appealed upon the ground that the judge's failure to conduct an evidentiary hearing and to provide supporting findings of fact and reasoning constituted an abuse of discretion and error of law. We agree. We now vacate the order and remand the case for further action.

*Background.* 1. *Defendant's guilty pleas.* The Commonwealth charged the defendant with assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(*b*) (count one); and assault and battery on a child causing injury, G. L. c. 265, § 13J(*b*) (count two). The charges arose from allegations that the defendant had physically abused his nine year old daughter. The parties engaged in plea discussions and made recommendations to the judge for disposition. The "Tender of Plea" form, otherwise known as the "green sheet," shows that the defendant accepted the following disposition: (1) on count one, a finding of guilty and a sentence of one year of confinement, suspended for two years, upon certain probationary terms; and (2) on count two, a finding of guilty and a sentence of one year of confinement concurrent with the first sentence, also suspended for two years, but with no additional probationary terms.

The green sheet includes the following information concerning the potential deportation consequences of the guilty pleas: (1) the defendant's signature underneath his acknowledgment that "conviction of this offense may have the consequence of deportation . . . pursuant to the laws of the United States"; (2) plea counsel's certification that he had explained to the defendant the "above-stated provisions of law . . . so as to enable [him] to tender his . . . plea of guilty . . . knowingly, intelligently and voluntarily"; and (3) the judge's certification that he had informed the defendant that conviction of the charges "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization." On July 7, 2005, the defendant pleaded guilty to both counts.

2. *Defendant's motions to vacate his guilty pleas.* In September of 2011, the defendant through new counsel moved to vacate his guilty pleas. By affidavit the defendant alleged that plea counsel had "never explained to [him] the immigration con-

sequences of pleading guilty." By affidavit plea counsel reported that he had no record or independent memory of the case, but that his practice had been "to go over the alien warnings on the green sheet with the client" but not to "provide specific advice based on the charges." Motion counsel argued that plea counsel's ineffective assistance had prevented a tender of pleas knowingly, voluntarily, and intelligently.[1] On November 7, 2011, the motion judge, who had been the plea judge, endorsed the motion as "[d]enied."

On January 20, 2012, the defendant submitted to the court the same motion (with its original September 1, 2011, date); the affidavits of the defendant and plea counsel; a copy of the criminal complaint, green sheet, and police report; and a memorandum of law. These papers appear to have been identical to the original motion papers. On February 2, 2012, *before* the Commonwealth had filed a response, the same judge endorsed the motion as "[a]llowed." No hearing had occurred.

On February 16, 2012, the Commonwealth filed a comprehensive motion for reconsideration. It included a copy of the green sheet and challenged the integrity of the defendant's affidavit. The Commonwealth pointed out also that it had not received a sufficient opportunity to respond to the defendant's resubmitted motion. No hearing resulted. On February 29, 2012, the judge endorsed the motion for reconsideration as "[d]enied." The Commonwealth has appealed.

*Discussion.* 1. *Procedure: vacation of the guilty pleas without an evidentiary hearing and findings.* The vehicle for the proposed withdrawal of a guilty plea is a motion for a new trial under Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). *Commonwealth* v. *Furr*, 454 Mass. 101, 106 (2009). *Commonwealth* v. *Diaz*, 75 Mass. App. Ct. 347, 350 (2009). Under

---

[1]We assume without deciding that the defendant can show "more than a hypothetical risk" of deportation. See *Commonwealth* v. *Barreiro*, 67 Mass. App. Ct. 25, 26 (2006), quoting from *Commonwealth* v. *Berthold*, 441 Mass. 183, 185 (2004) ("The remedy clause of G. L. c. 278, § 29D, is triggered only when a defendant can . . . demonstrate that he 'may' become subject to one of the immigration consequences enumerated in the statute. We construe this requirement to mean that a defendant must demonstrate more than a hypothetical risk of such a consequence, but that he actually faces the prospect of its occurring").

rule 30(b), the judge "may grant a new trial at any time if it appears that justice may not have been done." The rule authorizes the exercise of sound discretion. *Commonwealth* v. *Berrios*, 447 Mass. 701, 708 (2006), cert. denied, 550 U.S. 907 (2007). *Commonwealth* v. *Williams*, 71 Mass. App. Ct. 348, 353 (2008). The policy favoring the finality of just convictions imposes a "rigorous standard" upon the discretionary allowance of motions under rule 30(b). *Commonwealth* v. *Berrios*, *supra*. See *Commonwealth* v. *Lopez*, 426 Mass. 657, 661-663 (1998). Allowance must rest upon "substantial reasons." *Commonwealth* v. *Tucceri*, 412 Mass. 401, 406 (1992). See *Commonwealth* v. *Amirault*, 424 Mass. 618, 637 (1997). The standard of review asks whether the motion judge committed an error of law or abuse of discretion. See, e.g., *Commonwealth* v. *Grace*, 397 Mass. 303, 307 (1986); *Commonwealth* v. *Walker*, 443 Mass. 213, 224-225 (2005).

The motion judge's discretion includes the decision whether to conduct an evidentiary hearing. *Commonwealth* v. *Shuman*, 445 Mass. 268, 278 (2005). The guideline for its exercise is "whether a substantial issue necessitating a hearing" has arisen from the submitted affidavit material. *Ibid.* (citation omitted). If so, the established "better practice" has been to conduct an *evidentiary* hearing. Reporters' Notes to Rule 30(c)(3), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1662 (LexisNexis 2013-2014). See *Commonwealth* v. *Stewart*, 383 Mass. 253, 260 (1981); *Commonwealth* v. *Companonio*, 420 Mass. 1003, 1003 (1995), *S.C.* 445 Mass. 39 (2005); *Commonwealth* v. *Saarela*, 15 Mass. App. Ct. 403, 406-407 (1983). These authorities were available to the judge at the time of both his rulings in February of 2012.

The judge should have held an evidentiary hearing before he ruled on the defendant's motion because evidence clearly conflicted with the defendant's claim of ineffective assistance of counsel. The defendant's affidavit contradicted (1) the green sheet certifications signed by the judge and the defendant's plea counsel; (2) the defendant's own green sheet acknowledgment; and (3) the plea counsel's affidavit. The contents of the resubmitted motion, indicated by the cover sheet, also show that the judge received those materials. Despite the conflicting evidence,

the judge allowed the defendant's motion to vacate his pleas without the benefit of an evidentiary hearing and without the opportunity for opposition by the Commonwealth. The omission was an abuse of discretion depriving the Commonwealth of a fair opportunity to contest the motion and preventing the determination of material facts.[2]

Further, as a matter of law, the omission of an evidentiary hearing inevitably caused a violation of rule 30(b)'s requirement that the judge "*shall* make such findings of fact as are necessary to resolve the defendant's allegations of error of law" (emphasis supplied). It similarly precluded any written explanation in support of the final two rulings. Recorded reasoning serves multiple valuable purposes. It guides the decision maker to the merits, assures the parties of a deliberative result, enables informed appellate review, and promotes public knowledge of, and confidence in, the rationality of judicial work. See *In the Matter of the Enforcement of a Subpoena*, 463 Mass. 162, 174 n.6 (2012), quoting from S.J.C. Rule 3:09, Commentary to Canon 3(B)(9), as appearing in 455 Mass. 1301 (2009) (court, in discussion of the judicial deliberative privilege, "encourage[d] judges 'to explain the basis for their decisions on the record. . . . By helping litigants to understand the basis for decisions in cases, the judge also promotes public understanding of judicial proceedings' ").[3] The ultimate source of respect for a judicial order is the quality of its reasoning. An unreasoned

---

[2]In February of 2012, the judge did not have the benefit of the thorough analysis of the importance of an evidentiary hearing in the present circumstances (i.e., a motion to withdraw guilty plea by a noncitizen contradicting the plea tender paper certifications) appearing in *Commonwealth* v. *Gordon*, 82 Mass. App. Ct. 389, 393-396 (2012), in September of 2012. That analysis emphasized that the standard of rule 30(b) and (c)(3) "circumscribe[s]" the motion judge's discretion to allow plea withdrawal in the presence of factual issues without an evidentiary hearing. *Id.* at 394-395. It reinforced the cited authorities available to the judge for the self-evident point that a substantial factual dispute in the motion documents demands an evidentiary hearing and findings as a prerequisite for vacation of a final conviction. *Id.* at 395. Accord *Commonwealth* v. *Fabian F.*, 83 Mass. App. Ct. 394, 400 (2013).

[3]The oppressive workloads confronting many trial judges often render extensive findings and reasoning difficult or prohibitive. In those circumstances, an annotated or dictated summary of findings and reasoning may be sufficient and certainly preferable to one-word decisions of dispositive motions. As one useful expedient, a judge may cite and adopt by reference those portions of

order forfeits that resource. Here the omission of findings and reasoning violates the standards of rule 30(b) and (c)(3), and places the one-word ruling under suspicion of arbitrariness.

2. *Merits: applicability of* Padilla *to defendant's claim.* By briefing and oral argument in this court, the defendant has contended that the District Court judge has implicitly applied the rule of *Padilla*, 559 U.S. at 374-375, to his motion: that the failure of his counsel in 2005 to advise him of the risk of deportation resulting from a guilty plea denied him the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. As recounted, a one-word ruling deprives us of the findings and reasoning necessary for any intelligent review of the merits of the claim and of the decision. Since the briefing and the oral argument of this case on February 11, 2013, two substantial decisions have shifted the doctrinal ground beneath a *Padilla* claim in Massachusetts. The Commonwealth has commendably acknowledged them by subsequent letters in accordance with Mass.R.A.P. 16(l), as amended, 386 Mass. 1247 (1982). Because today's order of remand may lead to a decision of the *Padilla* merits by the judge, or an alternate judge, we summarize the general effect of these intervening precedents: *Chaidez* v. *United States*, 133 S. Ct. 1103 (2013), and *Commonwealth* v. *Sylvain*, 466 Mass. 422 (2013).

In *Commonwealth* v. *Clarke*, 460 Mass. 30, 44-45 (2011), approximately seven months before the contested rulings here, the Supreme Judicial Court concluded that the 2010 *Padilla* decision would apply retroactively to collateral attacks upon criminal pleas submitted from April 1, 1997 (the effective date of Federal legislation exposing such plea bargainers to immigration sanctions), onward.[4]

---

the parties' proposed findings and legal argument which he or she treats as decisive.

In this instance the omission of *any* factfinding and reasoning is especially conspicuous because the Commonwealth's vigorous motion to reconsider with supporting documents and legal argument clearly previewed an appeal.

[4]The court reasoned that the *Padilla* holding was an application of the preexisting or "old" general rule of *Strickland* v. *Washington*, 466 U.S. 668, 687-688 (1984), entitling criminal defendants to a Sixth Amendment right of effective assistance. *Commonwealth* v. *Clarke, supra.*

Under the doctrine of *Teague* v. *Lane*, 489 U.S. 288, 301 (1989), such an

Soon after argument and submission of this appeal in February of 2013, the United States Supreme Court in *Chaidez* v. *United States, supra* at 1105, 1111, characterized the *Padilla* holding of 2010 as a "new rule" available only prospectively for collateral attack upon pleas of guilt submitted in Federal District Court.[5]

Seven months later, in *Commonwealth* v. *Sylvain, supra* at 432-437, the Supreme Judicial Court concluded that a noncitizen defendant pleading guilty to a sanctionable aggravated felony in a Massachusetts trial court could challenge a final pre-*Padilla* conviction by a motion to withdraw the plea.[6] The holding rests upon two independent grounds. The first is that the State, as a separate sovereign, has the option to extend the remedial benefit of a newly announced Federal constitutional right retroactively within *its* own courts even though the Supreme Court has declined to extend the right retroactively to convictions final in *its* District Courts. *Id.* at 434-435. See *Danforth* v. *Minnesota*, 552 U.S. 264, 266, 275, 280, 282, 289 (2008) (seven-Justice majority).[7] As a second ground, the Supreme Judicial Court stated that art. 12 of the Massachusetts Declaration of Rights implicitly demands "that defense counsel provide defendants with accurate advice concerning the deportation consequences

"old" rule application is available retroactively for collateral challenge and review of a final conviction. *Commonwealth* v. *Clarke, supra* at 34-35. By contrast, a "new rule" of constitutional entitlement will operate prospectively only upon nonfinal cases. *Ibid.*

[5] Roselva Chaidez had pleaded guilty to two counts of mail fraud in violation of 18 U.S.C. § 1342. Her convictions became final in 2004. *Chaidez* v. *United States, supra* at 1105-1106. The District Court imposed sanctions of probation (four years) and restitution. *Id.* at 1106. In 2009, immigration officials began removal proceedings. *Ibid.* She challenged the validity of her pleas upon the ground of ineffective assistance of counsel: the alleged failure of her plea attorney to advise her of the risk of deportation. *Ibid.* While her collateral challenge was pending, the Supreme Court decided *Padilla. Ibid.*

[6] Kempress Sylvain pleaded guilty to possession of cocaine, G. L. c. 94C, § 34, and received a sentence of eleven months in the house of correction suspended for two years. *Commonwealth* v. *Sylvain, supra* at 425. The conviction became final in October of 2007, more than two years before the announcement of *Padilla. Commonwealth* v. *Sylvain, supra.*

[7] In the Supreme Court's words, "[F]inality of state convictions is a *state* interest, not a federal one. It is a matter that States should be free to evaluate, and weigh the importance of, when prisoners held in state custody are seeking a remedy for a violation of federal rights by their lower courts." (Emphasis in original.) *Danforth* v. *Minnesota, supra* at 280.

of a guilty plea or conviction at trial." *Commonwealth* v. *Sylvain, supra* at 436. It regarded that State constitutional right as implicit and existent as of the time of Sylvain's challenged plea in 2007. *Id.* at 436-437.

*Conclusion.* For these reasons, we vacate the order allowing the defendant's motion pursuant to rule 30(b) to withdraw his guilty pleas. We remand the case to the District Court for an evidentiary hearing. The judge hearing the motion shall make specific subsidiary and ultimate findings of fact and provide separate reasoning and conclusions of law.[8]

*So ordered.*

---

[8]We deny the defendant's request for an award of appellate attorney's fees as meritless.