NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-0039                                        Appeals Court

COMMONWEALTH  vs.  CHRIST O. LYS.

No. 16-P-39.

Middlesex.     December 8, 2016. - June 28, 2017.

Present:  Green, Agnes, & Desmond, JJ.

Controlled Substances.  Practice, Criminal, New trial, Plea,
    Affidavit, Assistance of counsel.  Constitutional Law,
    Plea, Assistance of counsel.  Due Process of Law, Plea,
    Assistance of counsel.  Alien.

Complaint received and sworn to in the Marlborough Division
of the District Court Department on January 13, 2012.

A motion for a new trial was heard by Robert G. Harbour, J.

Patrick Long for the defendant.
KerryAnne Kilcoyne, Assistant District Attorney, for the
Commonwealth.

AGNES, J.  The defendant, Christ Lys, appeals from a

decision by a judge of the District Court, following a non-

evidentiary hearing, to deny his motion for a new trial.[1]  The

_____

[1] The record indicates and the Commonwealth does not dispute
that deportation proceedings against the defendant have

defendant maintains that his attorney was ineffective because he did not inform the defendant that he would be deported as a consequence of pleading guilty. The judge reasoned that although adequate advice from plea counsel was lacking, thus satisfying the first prong of the familiar two-part test for ineffective assistance of counsel, see Commonwealth v. Saferian, 366 Mass. 89 (1974) (Saferian), the defendant was not entitled to relief because he failed to establish that he was prejudiced by the shortcomings of his attorney. Although we affirm, we take this opportunity to clarify what framework a judge should apply when faced with a defendant's affidavit that is not accompanied by an affidavit of his trial counsel.

Background. On January 13, 2012, the defendant was charged in a twenty-eight count complaint with three counts of distribution of a class D substance (marijuana) in violation of G. L. c. 94C, § 32C(a); four counts of distribution of a drug within one thousand feet of a school, in violation of G. L. c. 94C, § 32J; two counts of possession of a class B substance (cocaine), in violation of G. L. c. 94C, § 34; two counts of distribution of a class B substance (cocaine), in violation of G. L. c. 94C, § 32A (c); two counts of conspiracy to violate controlled substances laws, in violation of G. L. c. 274, § 7;

_____

commenced. See Commonwealth v. Valdez, 475 Mass. 178, 184 (2016).

and fifteen counts of attempting to distribute cocaine and marijuana, in violation of G. L. c. 274, § 6.  On October 30, 2012, the defendant pleaded guilty to three counts of marijuana distribution, two counts of cocaine distribution, two counts of conspiracy, and fifteen counts of attempting to distribute controlled substances.  The remaining charges were either dismissed or nolle prossed by the prosecutor.  The defendant was sentenced to eighteen months in a house of correction and two years of probation from and after the service of the committed portion of the sentence.

The defendant is a lawful permanent resident of the United States who emigrated to the United States from Haiti when he was seven years old.  He filed a motion for a new trial, pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass 1501 (2001), accompanied by a supplemental affidavit.  On June 8, 2015, the motion judge, who was also the plea judge, held a non-evidentiary hearing on the motion.  On June 15, 2015, the judge credited the statement made by the defendant in his affidavit that he was not advised at the time of his plea that the plea carried with it mandatory deportation consequences.[2]  The

---

[2] Pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) (2012), "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, . . . other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."  "After the 1996 effective date of

Commonwealth does not take issue with the judge's determination that the defendant was not properly advised of the deportation consequences of his plea by his trial counsel.  However, the judge denied the motion on the grounds that the defendant failed to make a sufficient showing of prejudice.

Discussion.  1.  Standard of review.  Under Mass.R.Crim.P. 30(b), the judge "may grant a new trial at any time if it appears that justice may not have been done."  In most cases, the decision whether to grant a motion under rule 30(b) cannot be reduced to hard and fast rules, but instead calls for the exercise of sound judicial discretion.  See Commonwealth v. Almonte, 84 Mass. App. Ct. 735, 737-738 (2014) (Almonte).  We review the decision on such a motion to determine whether the motion judge "committed an abuse of discretion or a significant error of law."  Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014) (DeJesus).  See also Commonwealth v. Cano, 87 Mass. App. Ct. 238, 240 (2015) (Cano).  Generally, we show special deference to the judge's decision on a motion for a new trial when that judge also was the plea or trial judge.  See Commonwealth v. Grace, 397 Mass. 303, 307 (1986),

---

amendments to the 1952 Immigration and Nationality Act, . . . 'if a noncitizen has committed a removable offense . . . his removal is practically inevitable,' subject to limited exceptions."  Commonwealth v. DeJesus, 468 Mass. 174, 180 (2014), quoting from Padilla v. Kentucky, 559 U.S. 356, 363-364 (2010).  See also Commonwealth v. Clarke, 460 Mass. 30, 46 (2011).

citing Commonwealth v. De Christoforo, 360 Mass. 531, 543 (1971).  See also Commonwealth v. Spray, 467 Mass. 456, 472 (2014).

2. Ineffective assistance of counsel.  In order to prevail on a motion for a new trial based on a claim of ineffective assistance of counsel, the defendant must demonstrate that (1) defense counsel's conduct fell "measurably below that which might be expected from an ordinary fallible lawyer" (performance prong), and (2) he was prejudiced by counsel's conduct in that it "likely deprived the defendant of an otherwise available, substantial ground of defence" (prejudice prong).  Saferian, supra at 96.  See Commonwealth v. Millien, 474 Mass. 417, 430 (2016); Commonwealth v. Henry, 88 Mass. App. Ct. 446, 452 (2015) (Henry).

a.  Performance prong.  When, as in this case, the consequence of a guilty finding is almost certain deportation, see note 2, supra, and that consequence can be "easily determined" by reference to "succinct, clear, and explicit" statutory language, Padilla v. Kentucky, 559 U.S. 356, 368 (2010), counsel's failure to inform the defendant of the immigration consequences of his plea is a violation of counsel's duty under both the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights, see Commonwealth v. Sylvain, 466 Mass. 422, 436 (2013)

(Sylvain I), and satisfies the requirements of the performance prong under Saferian. Commonwealth v. Marinho, 464 Mass. 115, 124-126 (2013); Henry, supra at 452-455. See also DeJesus, supra at 182.[3]

In the present case, the judge stated that he felt "required" to give "full credit" to the defendant's affidavit in which he states that plea counsel did not advise him of potential immigration consequences, in the absence of an affidavit by plea counsel to the contrary. The Commonwealth does not challenge the judge's finding that the defendant was not advised of the immigration consequences of his plea. While we will accept this finding as valid for purposes of our analysis, we think it is appropriate to comment on the procedure that judges should follow when presented with an ineffective assistance of counsel claim based on a claim that defense counsel gave the defendant inaccurate advice about the immigration consequences of the plea.

Contrary to the view expressed by the judge below, in the absence of an affidavit or testimony by defendant's plea counsel

---

[3] The transcript of the defendant's plea hearing indicates that, before accepting the defendant's plea, the judge administered the alien warning required by G. L. c. 278, § 29D. Even if defense counsel also gave the defendant the same warning prior to the plea, it "is not an adequate substitute for defense counsel's professional obligation to advise her client of the likelihood of specific and dire immigration consequences that might arise from such a plea." Henry, supra at 454, quoting from Clarke, 460 Mass. at 48 n.20.

(and absent an explanation why such evidence is not available), the law does not require the judge to credit the affidavit submitted by the defendant. When a motion for a new trial is based on facts that are not apparent from the face of the record, the defendant has the burden of proving such facts. See Commonwealth v. Bernier, 359 Mass. 13, 15-16 (1971); Commonwealth v. Murphy, 442 Mass. 485, 503 (2004). See also Commonwealth v. Lopez, 426 Mass. 657, 662-664 (1998) (explaining effect of "presumption of regularity" on defendant's burden of proof under rule 30[b]). Initially, in a fact-bound case such as this, the defendant submits an affidavit or affidavits in order to demonstrate that the motion presents a "substantial issue." Mass.R.Crim.P. 30(c)(3), as appearing in 435 Mass. 1501 (2001). In determining whether a motion for a new trial warrants an evidentiary hearing, both the seriousness of the issue itself and the adequacy of the defendant's showing on that issue must be considered. Commonwealth v. Stewart, 383 Mass. 253, 257-258 (1981); Commonwealth v. Sullivan, 435 Mass. 722, 733-734 (2002). "A claim of ineffective assistance of counsel . . . raises 'an issue of constitutional importance' that readily qualifies as a serious issue." Commonwealth v. Denis, 442 Mass. 617, 629 (2004) (Denis), quoting from Commonwealth v. Licata, 412 Mass. 654, 661 (1992). However, although an ineffectiveness claim is a "serious issue,"

whether such a claim rises to the level of a "substantial issue" under rule 30(c)(3) requires the judge to focus on the adequacy of the showing made with respect to that serious issue. "Although the motions and supporting materials filed by a defendant need not prove the issue raised therein, they must at least contain sufficient credible information to cast doubt on the issue." Denis, supra at 629.

Contrary to the view expressed by the motion judge, the absence of an affidavit from the defendant's plea counsel without an explanation why such an affidavit could not be obtained is a negative factor in the assessment of the credibility of the affidavit submitted by the defendant. See, e.g., Cano, 87 Mass. App. Ct. at 244 & n.12.[4] See also Commonwealth v. Chatman, 10 Mass. App. Ct. 228, 231 (1980) (defendant's unexplained failure to produce trial counsel at reconstruction hearing indicated to the court that defendant's

---

[4] In Cano, supra at 244, we stated that "the only evidence that counsel's advice was constitutionally deficient is an assertion in the defendant's affidavit that counsel 'did not tell [him] that if [he] pleaded guilty . . . he could be deported.' Given 'the suspicious failure to provide pertinent information from [plea counsel,] an expected and available source,' and that the only evidence that plea counsel provided constitutionally deficient advice is from the defendant himself, whose credibility is undermined by self-interest, we discern no error of law or abuse of discretion in the judge's conclusion that the motion did not raise a substantial issue warranting an evidentiary hearing or a new trial" (citations and footnote omitted).

motion had no substance); Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 550-551 (2014).[5]  In the present case, the judge reasoned that the defendant's factual claim that he was not informed of the immigration consequences of pleading guilty was true simply because there was no countervailing affidavit submitted by defendant's plea counsel.  The judge, instead, should have made an independent assessment whether the defendant's affidavit was sufficiently credible to "cast doubt" on whether he had been properly advised of the immigration consequences of his plea.  Denis, supra at 629.  If the judge regarded the defendant's affidavit as sufficiently credible, unless the Commonwealth stipulated to that fact or conceded the point, the judge should have conducted an evidentiary hearing and made appropriate findings of fact.  See Mass.R.Crim.P. 30(b) ("the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law").  See also Commonwealth v. Bertrand, 385 Mass. 356, 364-365 (1982).  A judge should not credit factual statements in a defendant's affidavit, over the Commonwealth's objection, without giving the Commonwealth an opportunity to present evidence to the contrary.  Observance of this practice ensures

---

[5] Although the judge in his decision makes reference to a second affidavit filed by the defendant's appellate counsel that supports the defendant's claim, there is no such affidavit in the record before us.

fairness to the Commonwealth by giving it an opportunity to oppose the defendant's motion.  See Almonte, 84 Mass. App. Ct. at 739.

b.  Prejudice prong.  In order to meet the requirements of the second prong of the Saferian test (prejudice), the defendant must prove that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Commonwealth v. Clarke, 460 Mass. 30, 47 (2011) (Clarke), quoting from Hill v. Lockhart, 474 U.S. 52, 59 (1985).  See Commonwealth v. Nguyen, 89 Mass. App. Ct. 904, 905 n.2 (2016).  To demonstrate the existence of this state of affairs, the defendant must establish that at least one of the following three conditions existed at the time of his change of plea:  "(1) [that] he had an 'available, substantial ground of defence,' Saferian, [366 Mass.] at 96, that would have been pursued if he had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at that time; or (3) the presence of 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty" (footnote

omitted).  Clarke, supra at 47-48, quoting Hill, supra at 60.
See Henry, 88 Mass. App. Ct. at 455.

i.  Substantial ground of defense.  The defendant contends
that his plea counsel failed to investigate two lines of
defense, neither of which we conclude meets the test of
substantiality under the first prong of the prejudice analysis.
First, the defendant argues that the failure to investigate the
confidential informant's identity constitutes ineffective
assistance.  This argument lacks merit as the defendant sold the
narcotics to an undercover officer, not the confidential
informant, and other officers witnessed the transactions.
See Commonwealth v. Connolly, 454 Mass. 808, 828 (2009)
(rejecting defendant's request to identify confidential
informant when "[t]he informant was not a percipient witness to
the charged crimes" after undercover officer made controlled
purchases).

Second, the defendant contends that plea counsel was
ineffective because he failed to contest the drug test results
for the recovered narcotics in the wake of the scandal at the
William A. Hinton State Laboratory Institute (Hinton lab).
See Commonwealth v. Scott, 467 Mass. 336, 337-338 (2014)
(outlining timeline of Hinton lab scandal).  This argument is
also without merit because it is based on speculation that there
was tampering or impropriety with the tested narcotics.

Furthermore, the narcotics recovered from the defendant were tested neither at the Hinton lab nor at the time Annie Dookhan was acting as a chemist there.  See Commonwealth v. Duran, 435 Mass. 97, 103 (2001) ("Speculation, without more, is not a sufficient basis to establish ineffective representation"); Commonwealth v. Ferreira, 67 Mass. App. Ct. 109, 116-117 (2006).

ii.  More favorable plea agreement.  The defendant also argues that his plea counsel's representation met the second Saferian prong of prejudice because plea counsel failed to advocate for a different plea agreement that did not carry the same immigration consequences.  The defendant has failed to demonstrate, beyond a speculative claim, that counsel had any reasonable prospect of achieving an agreement with the Commonwealth that would have resulted in a sentence that would have avoided deportation consequences.  See Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 727 (2012) (Chleikh). Cf. Commonwealth v. Martinez, 81 Mass. App. Ct. 595, 600 (2012) (Martinez) (concluding that defendant's affidavits supported finding that it was reasonably probable to negotiate different plea agreement); Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 400-01 (2012).  Furthermore, the motion judge credited the

Commonwealth's statements that there would have been no changes to the plea agreement offered.[6]

iii.  <u>Special circumstances</u>.  The defendant's final argument relies on the Supreme Judicial Court's decision in <u>Commonwealth</u> v. <u>Lavrinenko</u>, 473 Mass. 42 (2015).  The defendant's supplemental affidavit in support of his motion for a new trial was filed in 2015.  In it, the defendant identifies the following considerations that he contends qualify as "special circumstances":  (1) a recent diagnosis of mental health problems, (2) limited Creole and French language skills, (3) a history of abuse as a child by his father, and (4) the fact that his only immediate family (mother and brother) died in the devastating earthquake that struck Haiti in 2010.  The defendant did not submit any further affidavits or documentation of the factual statements set forth in his affidavit.  The court did not find that any of these circumstances rose to the level of special circumstances, or were substantial enough to warrant an evidentiary hearing.  Clearly, the defendant's recent mental health diagnosis was not a circumstance in existence at the time of his guilty plea and thus cannot be considered a special

---

[6] The Commonwealth's case was strong.  The record indicates that the defendant sold drugs to an undercover police officer on five separate occasions, and on four of those occasions the transaction occurred in a school zone.  Moreover, the defendant made numerous attempts to sell additional quantities of marijuana and cocaine to the officer by repeatedly sending text messages to that effect.

circumstance.  Compare Commonwealth v. Sylvain, 473 Mass. 832, 836-837 (Sylvain II).  While it would have been preferable for the judge to explain whether his reasoning was based either on a decision not to credit the remainder of the defendant's factual statements,[7] or because, even if true, they were not sufficiently "special" to meet the defendant's burden of proof, we discern no abuse of his discretion or error of law.

In other cases in which "special circumstances" were found to exist, the court identified specific connections between the defendant and family members residing here in the United States, specific connections between the defendant and his local community, or a specific condition that the defendant suffered from at the time of his plea that would make his return to his native country extremely difficult.  See DeJesus, 468 Mass. at 183-184 (special circumstances existed where defendant demonstrated strong family and employment ties in Boston); Lavrinenko, 473 Mass. at 60-61 (refugee status is "special" circumstance such that not considering it when determining whether prejudice occurred is error); Cano, 87 Mass. App. Ct. at 241-244 (report by licensed psychologist concerning

---

[7] "Clearly, a judge is not required to credit statements in a defendant's affidavit that the defendant placed special emphasis on immigration consequences because of his circumstances; a judge could find those statements to be 'merely self-serving.'"  Sylvian II, 473 Mass. at 837, quoting from Sylvain I, 466 Mass. at 439.

defendant's significant cognitive limitations and extreme difficulties he would face if he were returned to Colombia raised substantial question and called for evidentiary hearing); Henry, 88 Mass. App. Ct. at 456 (case remanded for further findings based on evidence that defendant's children and grandchildren lived in United States);.  See also Martinez, 86 Mass. App. Ct. at 553 (remanding case to enable judge to determine whether special circumstances exist based on defendant's residency in United States since early childhood, his employment, and fact that he has family, including common-law wife and three children, who are all United States citizens).  Contrast Chleikh, 82 Mass. App. Ct. at 728 (no special circumstances found where defendant's affidavit stated only that he had moved to United States eight years prior, and made no reference to any family or community ties).  Apart from his statement that he has a "community of friends" in the United States and "desire[s] to make a life" here, the defendant has not identified any employment history, family relationships or other personal circumstances that existed at the time of his plea that would have explained why he would choose to go to trial despite the strong case prepared by the Commonwealth.

Order denying motion for a
new trial affirmed.
