In 2016, a District Court jury convicted the defendant of indecent assault and battery on a person age fourteen or older. The defendant filed a timely notice of appeal. The appeal was stayed by this court, and the defendant was given leave to file a motion for a new trial. In the motion for new trial, the defendant argued that his trial counsel was constitutionally ineffective for failing to pursue defenses based on potential side effects of certain medications that he had been prescribed. The trial judge denied that motion. The defendant's appeal from that denial and his direct appeal were consolidated in this court. The defendant's arguments on appeal relate solely to the denial of the motion for new trial. We affirm.
Background. The trial evidence. On April 19, 2014, the victim-who was approximately thirty-five years old-arrived to clean the home of the defendant's stepmother. According to the victim's testimony, she was greeted there by the defendant, who made lewd and sexually aggressive comments toward her, such as "[c]ome on, we could go downstairs and fuck real quick, nobody would know." The defendant then cornered her, grabbed her, and pulled her against his pelvic area. As the defendant did this, he said, "What would you do if I bent you over and fucked you right now?" The defendant was wearing thin pants, and the victim testified that she could feel the defendant's erect penis pressed against her. She eventually was able to escape.
Through cross-examination and testimony from the defendant's stepmother, defense counsel highlighted alleged inconsistencies in the victim's version of events. He also suggested that the object that the victim believed was the defendant's erect penis was actually a gun that the defendant had placed in his pocket.[2] Apparently crediting the victim's testimony, the jury convicted the defendant.
The new trial motion. As the defendant documented through medical records submitted with his motion for new trial, he had been prescribed three medications prior to the incident: Zoloft (an antidepressant), Klonopin (a sedative and antianxiety drug), and Seroquel (an antipsychotic that is also used as sleep medication). In addition, the defendant's trial counsel averred that the defendant was a long-term user of Suboxone, an opioid, and there was evidence in a pretrial proceeding that he may have abused both alcohol and marijuana.[3] In his new trial motion, the defendant argued that his having been prescribed the various medications could have helped his defense in two different ways. First, citing to various studies and Food and Drug Administration warnings, the defendant argued that decreased libido and erectile dysfunction are common potential side effects of such medications. Had this been put before the jury, the defendant argued, it would have undermined the victim's testimony that he was sexually aggressive toward her and had assaulted her with his erect penis. Second, he argued that his use of these drugs, together with his regular smoking of marijuana, could have supported a defense of involuntary intoxication. The defendant claimed that by not raising such defenses at trial, his counsel was constitutionally ineffective.
The trial judge denied the motion for new trial without a hearing, ruling that "[t]he idea that certain medications may have reduced [the defendant's] libido and therefore should have been presented is purely speculative." After the defendant pressed for a fuller explanation, the judge added the following:
"This [c]ourt is somewhat hard pressed to come up with additional findings other than to state that this [c]ourt does not find serious incompetency, inefficiency or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer and that counsel's performance likely deprived the defendant of an otherwise available, substantial ground of defense. Indeed trial counsel was an experienced lawyer who aggressively cross-examined the victim in this case.
"The defendant inappropriately touched the cleaning lady when she showed up to clean the house. The defendant touched his erect[ ] penis to her behind. The victim was cross-examined on her credibility. A substantial issue is not raised by the motion or affidavit.
"The [c]ourt again concludes that the notion that certain medications the defendant may have taken may have decreased his libido and should have been presented is purely speculative."
Discussion. As the judge correctly recognized, to make out a claim of ineffective assistance, a defendant must demonstrate (1) that his counsel's conduct fell "measurably below that which might be expected from an ordinary fallible lawyer," and (2) that it "likely deprived [him] of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). We review the denial of a motion for new trial for an abuse of discretion or other error of law. Commonwealth v. Murphy, 442 Mass. 485, 499 (2004). Where, as here, the judge hearing the motion for new trial also presided at the trial, his ruling is entitled to "special deference." Commonwealth v. Figueroa, 422 Mass. 72, 77 (1996).
We discern no abuse of discretion here. As the Commonwealth accurately highlights, the defendant did not supply his own affidavit or other proof that he actually took the medications, only that he was prescribed them. Moreover, there was no showing that the defendant actually suffered from a decreased libido or erectile dysfunction, only that these were potential side effects of the prescribed medications. Especially where the jury credited the victim's testimony regarding the defendant's conduct despite defense counsel's aggressive cross-examination, the defendant is hard pressed to show any reasonable likelihood of how testimony about the potential side effects of the medications would have made a difference in the jury's verdict. Therefore, even if we assumed arguendo that the defendant could demonstrate that his counsel's failure to investigate the decreased libido/erectile dysfunction issue met the first prong of the Saferian test, he would still be unable to show that this deprived him of "an otherwise available, substantial ground of defence." Saferian, supra. The defendant's claim that his counsel was ineffective for failing to press an involuntary intoxication defense fails for similar reasons.
Finally, we discern no abuse of discretion in the judge's denying the motion without affording the defendant an evidentiary hearing. The defendant has not demonstrated a "substantial issue" in factual dispute that would have warranted the holding of such a hearing. See Commonwealth v. Alemonte, 84 Mass. App. Ct. 735, 738 (2014), and cases cited.
Judgment affirmed.
Order denying motion for new trial affirmed.

Based on the defendant's possession of the gun, he was charged with assault and battery by means of a dangerous weapon. The Commonwealth dismissed that charge prior to trial.

At a pretrial competency hearing, a forensic psychologist testified that he did not "see any sign of substantial mental illness" in the defendant, but that his substance abuse issues might affect his ability to participate in his defense. The motion judge, who eventually presided at trial, did not find the defendant incompetent to stand trial, but he allowed a continuance so that the defendant could go through detoxification and treatment. Included in the witness's testimony was that the defendant self-reported that he was an alcoholic, and that he regularly used marijuana.