The Commonwealth appeals from a District Court order allowing the defendant's motion to withdraw his guilty plea and admissions to sufficient facts on the ground of ineffective assistance of counsel. Concluding that the motion judge abused his discretion, we vacate and remand.
Background. In 2009, the defendant, Jose U. Reyes, pleaded guilty or admitted to sufficient facts as to several charges including assault and battery on a police officer.[2] In 2015, the defendant filed a motion to vacate those pleas,[3] claiming that his counsel rendered ineffective assistance in failing (a) to inquire into his immigration status, and (b) to advise him as to resulting immigration consequences. The motion judge (who was also the plea judge) granted an evidentiary hearing,[4] at which no witnesses testified and only a few documents were offered as exhibits.[5] At or prior to the hearing, the defendant submitted affidavits from himself, immigration counsel, and plea counsel. The defendant's affidavit alleged, inter alia, that he had "Temporary Protected Status" at the time of his pleas, that plea counsel never discussed immigration consequences with him, and that had counsel provided him accurate immigration-related information he would have chosen to go to trial.[6] Plea counsel's affidavit, by contrast, averred that as part of his normal practice at the time, he would have explained the alien rights notice on the tender of plea form to the defendant and "would have told him that it was possible that he could be deported."
The defendant relied almost exclusively on the affidavits at the June, 2016, hearing.[7] The argument centered on the claim that had the defendant known that he would suffer adverse immigration consequences, he would not have pleaded guilty or admitted to sufficient facts, and would have sought a trial or other disposition. The defendant, through counsel, also represented to the court that "there's currently a date scheduled for hearing in the immigration court in September," but did not specify the nature or subject of that hearing.
The Commonwealth objected to the affidavits "being taken as evidence," advised that it was not entering into any stipulations with regard to the averments in the affidavits, and stated that the defendant had the burden to produce evidence and call witnesses. The judge allowed the defendant's motion, but did not issue any findings of fact or rulings of law. This appeal ensued.
Discussion. We treat a motion to withdraw a guilty plea as a motion for a new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). Appellate courts review the allowance of a rule 30(b) motion for a "significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). "The policy favoring the finality of just convictions imposes a rigorous standard upon the discretionary allowance of motions under rule 30(b)," Commonwealth v. Almonte, 84 Mass. App. Ct. 735, 738 (2014) (quotation omitted), which should happen only in "exceptional situations." Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 394 (2012).
Here, there were unresolved issues of fact and credibility surrounding myriad claims, including what the defendant and plea counsel discussed on the topic of immigration, the viability of the defendant's allegations of self-defense during the 2009 incident, and the defendant's alleged connections to the community at the time of his plea. These unsettled matters, which were not agreed upon by the Commonwealth and were unclear from the affidavits, are relevant to both the "ineffectiveness" and "prejudice" prongs of the ineffective assistance of counsel test, which the defendant must satisfy to succeed on his motion. See Commonwealth v. Lastowski, 478 Mass. 572, 575-576 (2018) (outlining defendant's burden of proof in context of motion to vacate pleas based on ineffective assistance). Furthermore, there were inconsistencies between the affidavits, which, in this case, should have been resolved through witness testimony, credibility determinations, exhibits, or other actual evidence. See Commonwealth v. Bertrand, 385 Mass. 356, 364 (1982) (where defendant's motion for new trial was based on facts neither agreed upon nor apparent on face of record, he had burden of proving such facts); Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 637 (2001) ("The defendant has the burden of producing a credible reason to reverse the final decision, arrived at after trial or plea, that outweighs the risk of prejudice to the Commonwealth"); Gordon, 82 Mass. App. Ct. at 395 (judge should not have allowed motion for new trial based on affidavits alone, "as the affidavits leave too many factual questions unanswered"). This is not the type of record upon which a motion to vacate could properly be allowed without receiving additional evidence, particularly where the Commonwealth disputed and opposed the defendant's factual and legal claims.
Remedy. At oral argument, the Commonwealth indicated that it would be reasonable for the court to remand this matter for a new hearing. With that in mind, and for the reasons expressed above, we vacate the order allowing the defendant's motion and remand for further proceedings including a full evidentiary hearing and findings of fact pursuant to rule 30(b).[8]
So ordered.
vacated and remanded.

The other charges were resisting arrest, failing to stop for police, negligent operation of a motor vehicle, and operation of a motor vehicle while under the influence of intoxicating liquor, second offense. Though the assault and battery on a police officer and resisting arrest charges were continued without a finding, the defendant admitted to sufficient facts as to both.

We treat admissions to sufficient facts as guilty pleas for purposes of our analysis. See Luk v. Commonwealth, 421 Mass. 415, 418 n.6 (1995).

The defendant's motion was not accompanied by the supporting affidavits of plea counsel and immigration counsel, and it is unclear from the record before us when the defendant's own affidavit was submitted. The better practice would have been to require the defendant to file the supporting affidavits prior to allowing an evidentiary hearing. See Mass.R.Crim.P. 30(c)(3), as appearing in 435 Mass. 1501 (2001) (requiring moving party to file and serve affidavits in support of motion).

Counsel offered copies of two deeds and a mortgage for the defendant's home.

The defendant also alleged that (1) he has family who "have resided, and continue to reside" in the United States, and (2) during the incident leading to the charges, any actions he took against the police officer were in self-defense. According to immigration counsel's affidavit, the defendant had removal proceedings pending in the immigration court prior to the evidentiary hearing.

The affidavits were not marked as exhibits or entered in evidence.

Rule 30(b) requires that a judge make factual findings "as are necessary to resolve the defendant's allegations of error of law." Mass.R.Crim.P. 30(b). See Almonte, 84 Mass. App. Ct. at 739 n.2 ("[A] substantial factual dispute in the motion documents demands an evidentiary hearing and findings as a prerequisite for vacation of a final conviction) (emphasis added). Although factual findings may be unnecessary "where the ultimate conclusion is clearly evident from the record," Commonwealth v. Lanoue, 392 Mass. 583, 586 n.2 (1984), this is not such a case. See Commonwealth v. Sylvain, 466 Mass. 422, 439 (2013).