The defendant, Elyas Mohammed, a legal permanent resident of the United States, admitted to sufficient facts and received a continuance without a finding on two charges, larceny from the person, G. L. c. 266, § 25, and assault and battery, G. L. c. 265, § 13A. The defendant appeals from a Boston Municipal Court judge's denial of his motion to withdraw his admissions. Concluding that the defendant presented a substantial issue of ineffective assistance of counsel, we remand for an evidentiary hearing on the issue of prejudice.
1. Standard of review. "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001)." Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). When a defendant appeals from the denial of a motion for a new trial, we review "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016), quoting Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015). We afford "substantial deference ... when the judge passing on the motion is the same judge who heard the plea." Sylvain, supra, quoting Commonwealth v. Grant, 426 Mass. 667, 672 (1998).
2. Plea counsel's advice. To prevail on a claim of ineffective assistance of counsel, "the defendant bears the burden of showing that his attorney's performance fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that he suffered prejudice because of his attorney's unprofessional errors." Lavrinenko, 473 Mass. at 51, quoting Commonwealth v. Clarke, 460 Mass. 30, 45 (2011). Here, at oral argument, the Commonwealth reasonably conceded, based on plea counsel's affidavit, that counsel gave the defendant inaccurate advice that the plea would not make him deportable. Such affirmative misadvice establishes the first prong of ineffectiveness. See Padilla v. Kentucky, 559 U.S. 356, 368-369 (2010) (defense counsel's failure to advise client that plea will result in deportation constitutes ineffective assistance of counsel).[2]
3. Prejudice. "In the context of a guilty plea, in order to satisfy the 'prejudice' requirement, the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Clarke, 460 Mass. at 47, quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985). "At a minimum, this means that the defendant must aver that to be the case." Lavrinenko, 473 Mass. at 55, quoting Clarke, supra. "The defendant also 'bears the substantial burden' of 'convinc[ing] the court' that a decision to exercise his right to a jury trial 'would have been rational under the circumstances.' " Commonwealth v. Duart, 477 Mass. 630, 639 (2017), quoting Lavrinenko, supra at 55-56. The defendant must show either "(1) an available, substantial ground of defense that the defendant would have pursued if given proper advice about the plea's dire immigration consequences; (2) a reasonable probability that the defendant could have negotiated a plea bargain that did not include those dire immigration consequences; or (3) special circumstances supporting the conclusion that the defendant 'placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty.' " Commonwealth v. Lys, 481 Mass. 1, 7 (2018), quoting Clarke, supra at 47-48.
"If an assessment of the apparent benefits of a plea offer is made, it must be conducted in light of the recognition that a noncitizen defendant confronts a very different calculus than that confronting a United States citizen." DeJesus, 468 Mass. at 184. Accordingly, the motion judge's determination that it would have been "irrational for [the defendant] to have rejected the plea on the basis of immigration issues" because "he put the case behind him," and "did so without risk of going to prison" was in error. The defendant indicated in his affidavit that he would have been willing to serve incarcerated time rather than be deported, and thus the defendant reasonably might have considered his right to remain in the United States "more important to [him] than any jail sentence." Id., quoting Padilla, 559 U.S. at 368. See Lee v. United States, 137 S. Ct. 1958, 1968-1969 (2017) (not irrational to reject plea where consequence of plea was deportation, even in light of overwhelming evidence of guilt).
"[A] defendant may show prejudice by demonstrating 'a reasonable probability that a different plea bargain (absent [the dire immigration] consequences) could have been negotiated at the time.' " Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 400 (2012), quoting Clarke, 460 Mass. at 47. Here, the defendant's expressed willingness to accept a committed sentence that would not expose him to deportation suggests some possibility that a different plea agreement could have been negotiated. See Gordon, supra at 400-401 (may have been rational for defendant to reject plea bargain where sentence of one day less would have left defendant eligible for relief from deportation). Whether the judge would have accepted a plea that the defendant also would have been willing to accept is a question to be explored on remand.
Similarly, the defendant's refugee status presents a substantial issue regarding possible special circumstances. See Lavrinenko, 473 Mass. at 59 (defendant's refugee status is "the result of a prior determination by the Federal government that deportation may be an especially severe and dangerous consequence" and must be considered as special circumstance that could establish prejudice). But see Commonwealth v. Lastowski, 478 Mass. 572, 579 (2018) (defendant's generalized concern that plea requiring him to register as sex offender would allow friends, family, and his employer to see his status on Internet did not constitute special circumstances). Here, the defendant avers in his affidavit that, as a former refugee, he feared that he would be "stuck in between a tribal war or even be[ ] forced to take part in one" if he returned to Somalia. Without any explicit consideration of the defendant's refugee status by the motion judge, we cannot conclude that the defendant failed to present a substantial issue regarding the existence of a special circumstance that may have prevented him from taking a plea that made him deportable. See Lavrinenko, supra at 60-61.
4. Evidentiary hearing. "If a motion judge finds that [the motion and affidavits] do present a substantial issue, then the judge must hold an evidentiary hearing." Lys, 481 Mass. at 6. Although the defendant has made a substantial initial showing of prejudice, affidavits alone are not sufficient to resolve these issues. See Commonwealth v. Almonte, 84 Mass. App. Ct. 735, 738 (2014) (improper to grant motion without evidentiary hearing where defendant's affidavit contradicted green sheet and plea counsel's affidavit). Without an evidentiary hearing, "we do not have the benefit of any findings or credibility assessments made by the motion judge," especially with respect to whether the defendant would have rejected the plea and instead accepted jail time, had he been properly advised that the plea would make him deportable. Sylvain, 466 Mass. 422, 439 (2013). Accordingly, an evidentiary hearing is required to determine whether the defendant was prejudiced by plea counsel's misadvice.[3]
5. Conclusion. We vacate the order denying the defendant's motion to withdraw his admissions and remand for further proceedings consistent with this memorandum and order.
So ordered.
Vacated

A defendant's receipt of an alien warning "is not an adequate substitute for defense counsel's professional obligation to advise [his] client of the likelihood of specific and dire immigration consequences that might arise from such a plea." Commonwealth v. Sylvain, 466 Mass. 422, 425 n.2 (2013), quoting Clarke, 460 Mass. at 48 n.20. It may, however, be relevant to determining prejudice. See Clarke, supra.

If the judge finds it is impractical to have the defendant testify at the courthouse, the judge has broad discretion to order an out-of-court deposition, videoconference testimony, or any other form of testimony. See Mass. R. Crim. P. 30 (c) (4), as appearing in 435 Mass. 1502 (2001); Commonwealth v. Arriaga, 438 Mass. 556, 570 (2003).