RODRIGUEZ, COMMONWEALTH vs., 101 Mass. App. Ct. 54

 
 COMMONWEALTH vs. CRISTOBAL RODRIGUEZ.

101 Mass. App. Ct. 54
 February 4, 2022 - May 5, 2022

Court Below: Springfield District Court, Hampden County
Present: Massing, Grant, & Walsh, JJ.

 

No. 21-P-292.

Firearms. Practice, Criminal, Plea, New trial, Assistance of counsel.

A District Court judge erred in allowing, without holding an evidentiary hearing, a noncitizen criminal defendant's motion to withdraw his plea of guilty, made over twelve years earlier, on the ground that his plea counsel was ineffective for failing to advise him of the immigration consequences he would face if convicted of possession of a firearm with a defaced serial number, where there was no reasonable way of discerning, on the record and without an evidentiary hearing, what plea counsel's advice was and whether counsel's performance was deficient and prejudicial; therefore, this court vacated the order allowing the motion and remanded the matter for further proceedings. [56-60]

Complaint received and sworn to in the Springfield Division of the District Court Department on April 8, 2005. 

 A motion for postconviction relief, filed on March 12, 2019, was heard by John M. Payne, J.

 David L. Sheppard-Brick, Assistant District Attorney, for the Commonwealth.

Michael P. Maloney for the defendant.

 GRANT, J. On a complaint alleging carrying a firearm without a license, G. L. c. 269, § 10 (a), and possession of a firearm with a defaced serial number during the commission of a felony, G. L. c. 269, § 11B, the defendant pleaded guilty to the latter charge, and the Commonwealth entered a nolle prosequi of the former charge. Over twelve years later, the defendant moved to vacate his plea, asserting that his plea counsel did not inform him that his conviction would make his deportation automatic or presumptively mandatory. A judge (motion judge) other than the plea judge allowed the motion without an evidentiary hearing, and the Commonwealth appeals. Because the defendant has not met his substantial burden, including to show that if properly advised it would have been rational for him to reject the plea deal, we reverse.

 Page 55 

 Background. Plea counsel represented the defendant for more than nineteen months before the plea. During that time, the defendant moved to suppress the firearm, asserting that its warrantless seizure during a traffic stop was unconstitutional, and also argued that his subsequent statements should be suppressed. Over the course of nearly one and one-half years, both the suppression hearing and the trial were continued six times, with no objection to the continuances by either party. [Note 1] 

 The motion to suppress was never heard. Instead, on November 30, 2006, the defendant pleaded guilty to the charge of possession of a firearm with a defaced serial number and received a one-year house of correction sentence, which was suspended for one year. [Note 2] The Commonwealth entered a nolle prosequi of the charge of carrying a firearm without a license, for which, at the time of these offenses on April 7, 2005, a conviction would have mandated a minimum sentence of one year in a house of correction that could not be suspended, continued without a finding, or placed on file. See G. L. c. 269, § 10 (a), as amended through St. 1990, c. 511, § 2. [Note 3] The docket contains the notation, "Plea colloquy given agreed alien rights." [Note 4] After the plea, the Commonwealth filed a motion for forfeiture of the firearm, which the plea judge allowed. 

 In March 2019, the defendant moved to vacate his plea, asserting in an affidavit that plea counsel "did not tell me that a conviction for this crime would make my deportation or removal from the United States automatic or 'presumptively mandatory.'" In support of his motion, the defendant also submitted the affidavit of plea counsel, which averred, "I do not remember whether I advised" the defendant of those immigration consequences. 

 Page 56 

After a nonevidentiary hearing, the motion judge allowed the motion to vacate the plea, noting that he was doing so "[g]iven the paucity of information available and the decisions of the [a]ppellate [c]ourts that tend to provide the benefit of consideration to the petitioner." The Commonwealth appeals.

 Discussion. The defendant's motion to vacate his plea is the equivalent of a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). See Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 393-394 (2012). To establish that he was entitled to a new trial, the defendant was required to show that his plea counsel fell below the standard of an ordinary, fallible lawyer by not advising him of the immigration consequences he would face if convicted of possession of a firearm with a defaced serial number, and that counsel's shortcoming deprived him of an otherwise available, substantial ground of defense. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See also Commonwealth v. Lavrinenko, 473 Mass. 42, 51 (2015) (ineffective assistance of counsel on immigration consequences of plea). Because the motion judge was not the plea judge, and ruled on the motion based on affidavits alone, we are in as good a position as he to make that determination. See Commonwealth v. Perkins, 450 Mass. 834, 845 (2008). Contrast Lavrinenko, supra at 47 (plea judge who held evidentiary hearing on motion for new trial was "final arbiter" on witnesses' credibility). Although a motion judge has broad discretion to deny a motion for a new trial based on affidavits, the discretion to grant such a motion is "more circumscribed." Gordon, supra at 394. Where the affidavits are "missing key elements," the better practice is to conduct an evidentiary hearing. Id. at 395, citing Commonwealth v. Companonio, 420 Mass. 1003, 1003 (1995), S.C., 445 Mass. 39 (2005).

 As to the first part of the Saferian test, the defendant's motion to vacate his plea, along with its supporting affidavits, established that an ordinary, fallible lawyer would have advised him that the plea to possession of a firearm with a defaced serial number would have adverse immigration consequences, including deportation. The Commonwealth concedes that that conviction rendered the defendant "deportable" under 8 U.S.C. § 1227, and also subject to denial of reentry. Before the plea, defense counsel was required to inform the defendant of those "truly clear" immigration consequences of the plea. Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 723 (2012), quoting Padilla v. Kentucky, 559 

 Page 57 

U.S. 356, 369 (2010). See Commonwealth v. Sylvain, 466 Mass. 422, 423-424 (2013).

 However, the record before us is "missing key elements," Gordon, 82 Mass. App. Ct. at 395, as to whether plea counsel did in fact advise the defendant of those immigration consequences of the plea. The defendant's affidavit avers that plea counsel did not give him that advice, but it may be discredited as "merely self-serving." Sylvain, 466 Mass. at 439. Plea counsel's affidavit avers that he does not remember whether he gave that advice, but he signed that affidavit some thirteen years after the plea; his lack of memory does not create any inference that he did not advise the defendant of immigration consequences. See Commonwealth v. Hudson, 446 Mass. 709, 715-716 & n.4 (2006) (defense counsel's testimony seven years after trial that he did not remember why he did not impeach witness did not preclude motion judge from ruling that decision was strategic). See also Commonwealth v. Mizrahi, 100 Mass. App. Ct. 690, 696 n.9 (2022). Cf. Commonwealth v. Lys, 481 Mass. 1, 6 n.7 (2018) (lack of affidavit from plea counsel did not create inference that defendant's affidavit averring that counsel did not warn him of immigration consequences must be credited).

 Apparent from the record are at least two additional sources that may have shed light on whether plea counsel in fact advised the defendant of the immigration consequences of the plea. First, although the docket states that "alien rights" were given during the plea colloquy, the defendant did not provide the motion judge or this court with a transcript of that colloquy, which might contain discussion of whether plea counsel had advised the defendant on that issue. Second, the defendant's affidavit in support of his motion to vacate the plea avers that since 1993 he has visited his country of origin about seven times, but it does not say whether he has done so since the November 2006 plea; if he has not done so, that would be some circumstantial evidence of his understanding as to whether the immigration consequences of his plea included that he would be denied reentry.

 Even assuming that plea counsel did not advise the defendant of the immigration consequences of the plea, on this record the defendant did not meet his burden on the second part of the Saferian test: that the lack of such advice deprived him of an otherwise available, substantial ground of defense. To show that he was prejudiced, the defendant was required to demonstrate that, but for plea counsel's failure to advise him on immigration 

 Page 58 

consequences, "he would not have pleaded guilty and would have insisted on going to trial." Commonwealth v. DeJesus, 468 Mass. 174, 182-183 (2014), quoting Commonwealth v. Clarke, 460 Mass. 30, 46-47 (2011). The defendant did aver that, had he known the immigration consequences of a conviction for possession of a firearm with a defaced serial number, he "would have never decided to plead guilty" and "would have demanded to proceed with [his] motion to suppress." With those averments, the defendant satisfied the baseline requirement for raising a claim of prejudice. See Lys, 481 Mass. at 7. Contrast Clarke, supra at 49 (defendant did not aver that he would not have pleaded guilty had he known of immigration consequences).

 However, the defendant also bore the additional burden of convincing the court that it would have been "rational under the circumstances" for him to reject the plea deal. Clarke, 460 Mass. at 47, quoting Padilla, 559 U.S. at 372. To prove that rejecting the plea deal would have been rational, he bore the "substantial burden" of showing that (1) he had an otherwise available, substantial ground of defense that he would have pursued if plea counsel had correctly advised him of the immigration consequences; (2) there is a reasonable probability that a different plea deal could have been negotiated that would have avoided the immigration consequences; or (3) "special circumstances" were present that would have made him place particular emphasis on immigration consequences. Clarke, supra at 47-48. We conclude that, on this record, the defendant did not meet his substantial burden as to any of those three Clarke prongs.

 As to the first prong, as in Clarke, 460 Mass. at 48, it appears that the "driving factor" in the defendant's decision to plead guilty was to avoid the mandatory minimum sentence -- here, a year of incarceration on the more serious firearm charge. Facing that consequence, the defendant "has failed to explain, let alone demonstrate, why, in view of all the considerations at issue at the time of his plea, it would have been rational to plead not guilty and proceed to trial." Id. at 49. To try to show that he had an otherwise available, substantial ground of defense, the defendant argued before the motion judge that he had a "viable" motion to suppress. [Note 5] On appeal, he refers to a police report describing the traffic stop during which the police seized the firearm. From this 

 Page 59 

record, it is not clear whether that police report was before the motion judge, who heard no testimony from any of the officers named in it and made no factual findings as to the credibility of the assertions in it. Nor did the motion judge make any findings as to whether the motion to suppress was a substantial ground of defense. See Lavrinenko, 473 Mass. at 57. Without those credibility determinations and factual findings, we cannot determine whether a reasonable person in the defendant's position in 2006 would have agreed to this plea, even risking the immigration consequences, rather than pursue the motion to suppress and, had he lost the motion, severely weaken his position in plea negotiations and risk the mandatory minimum year of incarceration if he went to trial. [Note 6] See id. 

 As to the second Clarke prong, the defendant has not shown that the Commonwealth would have agreed to a plea to any lesser offense that would have eliminated adverse immigration consequences, especially since it had already agreed to enter a nolle prosequi of the unlawful possession of a firearm charge that would have mandated a one-year sentence of incarceration. See Commonwealth v. Marinho, 464 Mass. 115, 130-131 (2013).

Finally, as to the third Clarke prong, the defendant has not shown that he faced "special circumstances" that made him place extraordinary weight on immigration consequences. See Lavrinenko, 473 Mass. at 58-59 (defendant's refugee status entitled to "particularly substantial weight" because of "risk of persecution" in country of origin). In his affidavit, the defendant averred that he moved to this country from the Dominican Republic when he was seventeen years old. Since then, he has made approximately seven trips to the Dominican Republic to visit his father. Several members of his family are United States citizens or 

 Page 60 

permanent residents; he has not averred that they live with him or are dependent on his presence. The defendant has not met his substantial burden of showing special circumstances. Cf. Chleikh, 82 Mass. App. Ct. at 729 (defendant who moved to United States at age twenty-two did not aver that he has family here or "extensive ties or connections that might warrant a rational willingness to 'roll the dice' and opt for a trial, rather than to accept a plea bargain"). Contrast DeJesus, 468 Mass. at 184 (special circumstances shown by defendant who moved from Dominican Republic at age eleven and all of his family reside here). 

 Conclusion. Because the defendant's showing was missing key elements as to both parts of the Saferian test, he has not met his substantial burden. See Clarke, 460 Mass. at 49. The motion for a new trial "should not have been allowed without an evidentiary hearing." Gordon, 82 Mass. App. Ct. at 402. The order dated July 16, 2019, allowing the defendant's motion for a new trial, is vacated, and the matter is remanded for further proceedings consistent with this opinion. 

So ordered.

FOOTNOTES
[Note 1] None of those motions to continue is before us, and so we do not know whether they represented that the parties were engaged in plea negotiations; the docket reflects that at least one of the motions included an affidavit. The motion judge noted that "[u]nfortunately, this case is so old [that] many if not most of the [c]ourt records no longer exist." The record contains no information about whether the defendant attempted to obtain copies of those motions from the files of plea counsel or the Commonwealth. 

[Note 2] That offense was punishable by a minimum sentence of six months in a house of correction, but the statute did not preclude the judge from suspending the sentence. See G. L. c. 269, § 11B. 

[Note 3] About a year after these offenses, the statute was amended to increase the mandatory minimum sentence to eighteen months. See G. L. c. 269, § 10 (a), amended by St. 2006, c. 48, § 5. 

[Note 4] The transcript of the plea colloquy is not in the appellate record, nor is there any information about any steps the defendant took to attempt to obtain it. 

[Note 5] Because the defendant waived the motion to suppress when he pleaded guilty, on his motion to vacate the plea he bore the burden of showing that he would have succeeded on the motion to suppress. See Commonwealth v. Comita, 441 Mass. 86, 94 (2004). In contrast, if he had pursued his motion to suppress in 2006, the Commonwealth would have borne the burden of showing that the informant's tip described in the police report was based on personal knowledge and was reliable. See Commonwealth v. Upton, 394 Mass. 363, 374-375 (1985), citing Spinelli v. United States, 393 U.S. 410, 415 (1969), and Aguilar v. Texas, 378 U.S. 108, 114 (1964). 

[Note 6] Neither the defendant's nor plea counsel's affidavits say whether before the plea they discussed the likelihood of success on the motion to suppress. Nor does plea counsel's affidavit state what his customary practice was at the time of this plea in 2006, four years before Padilla, 559 U.S. at 356, was decided. Cf. Commonwealth v. Henry, 88 Mass. App. Ct. 446, 454 (2015) (counsel's statement that his customary practice in 2004 was to advise clients that plea may have immigration consequences and to seek advice of immigration attorney was deemed insufficient). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.