NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-575

COMMONWEALTH

vs.

BIENVENIDO GONZALEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order denying his motion for new trial, brought pursuant to Padilla v. Kentucky, 559 U.S. 356 (2010), and Commonwealth v. Clarke, 460 Mass. 30 (2011). He argues that he should have been permitted to withdraw his 2008 guilty plea because plea counsel was ineffective in failing to provide accurate advice regarding the immigration consequences of his plea. The Commonwealth concedes that the motion judge's findings are insufficient to permit full review of his order denying the motion. We vacate the order and remand the case for further proceedings.

Background. The defendant was born in the Dominican Republic in 1974 and came to the Boston area in 2003. In August of 2008, police conducted a traffic stop of the car he was driving, searched the car's center console, and found suspected

narcotics.  The defendant was charged in District Court with possession of a class B substance with intent to distribute in violation of G. L. c. 94C, § 32A (a) -- an offense punishable by imprisonment in State prison for not more than ten years -- as well as various motor vehicle infractions.  In December of 2008 he pleaded guilty to the drug offense and was placed on probation for one year, which it appears he successfully completed.

In 2021, represented by new counsel, the defendant filed a motion for new trial, supported by his affidavit asserting that plea counsel failed to advise him that his guilty plea and probation "would cause [him] to be subject to mandatory deportation and/or would prevent [him] from becoming a naturalized citizen of the United States."  His affidavit further asserted that, had he been so advised, he would not have pleaded guilty.  Accompanying the motion was an affidavit from plea counsel stating that counsel no longer had his original file, had no specific memory of the defendant, and did "not remember if [the defendant] understood the consequences of the guilty plea after it was interpreted to him."  The motion judge held an evidentiary hearing, at which the defendant agreed with his new attorney that had he known of the consequences of a guilty plea, he would have asked plea counsel "to go to trial or at least file a motion to suppress the evidence."

2

In subsequently denying the motion, the judge found that the defendant had completed a standard waiver of rights form (also known as a "green sheet") that included a warning that a guilty plea "may have" immigration consequences including deportation. Although the defendant's native language was Spanish, an interpreter was present at the change of plea hearing, and the interpreter had signed the form to indicate that it was translated for the defendant. Plea counsel also signed the form to indicate that he had explained the stated consequences to the defendant. The plea judge also signed the form to indicate, among other things, that he had advised the defendant that his guilty plea "may have" immigration consequences including deportation. The judge's warning tracked the language of G. L. c. 278, § 29D.

Based on these findings, the motion judge concluded:

> "[T]he defendant has not overcome the presumption of regularity that pertains with regard to the guilty plea he entered 13 years ago. Commonwealth v. Grant, 426 Mass. 667, 671 (1998). I find that the defendant received a favorable disposition given the seriousness of the case. I do not credit his self-serving testimony that he was never advised of potential immigration consequences or that he would have rejected the offer had he been so advised."

The defendant now appeals.

Discussion. "A postsentence motion to withdraw a plea is treated as a motion for a new trial." Commonwealth v. Conaghan, 433 Mass. 105, 106 (2000). We review a judge's decision denying

3

such a motion "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). An abuse of discretion is a "clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). Here, as explained below, we agree with the Commonwealth that the judge's findings do not address all of the factors relevant to the decision and thus are insufficient to permit appellate review.

To prevail on an ineffective assistance of counsel claim, a defendant must establish that counsel's performance fell "measurably below that which might be expected from an ordinary fallible lawyer" and "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). We address those issues in turn.

1. Plea counsel's performance. Deportation (or removal)[1] from the United States of a noncitizen who is convicted of an "aggravated felony" is "practically inevitable," Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 398 (2012), quoting Padilla, 559

---

[1] In places, Federal immigration law now uses the term "removal" instead of "deportation." See Padilla, 559 U.S. at 364 n.6.

U.S. at 364, or "presumptively mandatory." Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 725 (2012), quoting Padilla, supra at 369. Possession with intent to distribute a class B substance is one such aggravated felony. See Commonwealth v. DeJesus, 468 Mass. 174, 181 (2014). Accordingly, counsel "was obligated to provide to his client, in language that the client could comprehend, the information that presumptively mandatory deportation would have been the legal consequence of pleading guilty. Stated differently, counsel needed to convey that, if Federal authorities apprehended the defendant, deportation would be practically inevitable." Id.

Here, the defendant asserted that plea counsel never advised him that his plea would cause him to be subject to mandatory deportation. Although the judge found that the plea judge had given the warning required by G. L. c. 278, § 29D (stating that a guilty plea "may have" immigration consequences including deportation), and that the defendant had signed the green sheet containing the same warning, such warnings are "not an adequate substitute for defense counsel's professional obligation to advise her client of the likelihood of specific and dire immigration consequences that might result from such a plea." DeJesus, 468 Mass. at 177 n.3, quoting Clarke, 460 Mass. at 48 n.20. The judge's "factual findings did not address the issue whether the defendant was properly informed that the

5

[offense to which he pleaded guilty] was a deportable offense, and thus, if removal proceedings were commenced, his deportation would be practically inevitable.  Such fact finding is necessary to resolve the performance prong of the Saferian analysis."  Commonwealth v. Henry, 88 Mass. App. Ct. 446, 454 (2015).

Of course, the judge was not required to credit the defendant's affidavit that he had not been warned of mandatory deportation, even where nothing in the record directly contradicted the affidavit.  See Commonwealth v. Scoggins, 439 Mass. 571, 578 (2003); Commonwealth v. Rzepphiewski, 431 Mass. 48, 55 (2000).  However, the judge did not find that the defendant had been so warned.[2]  The case must therefore be remanded for a finding whether plea counsel's performance was deficient in this respect.  Although the answer to that question has been complicated by the passage of time, relevant evidence may still exist, such as a transcript of the plea colloquy or changes in the defendant's frequency of travel to his country of

---

[2] The judge's decision relied in part on the presumption of regularity recognized in Grant, 426 Mass. at 671, citing Commonwealth v. Lopez, 426 Mass. 657, 661-663 (1998).  Such a presumption is of limited utility absent evidence that it was counsel's regular practice, even before Padilla and Clarke, to advise noncitizen clients that guilty pleas to certain offenses would make deportation practically inevitable or presumptively mandatory.  Compare Henry, 88 Mass. App. Ct. at 454 (where plea counsel's standard practice was to advise clients that "pleas may have immigration consequences," remand necessary for finding whether defendant advised that deportation presumptively mandatory).

origin after his guilty plea.  See Commonwealth v. Rodriguez, 101 Mass. App. Ct. 54, 57 (2022).

2.  Prejudice.  If plea counsel's performance was deficient, then the judge will face the question of resulting prejudice.  "[I]n order to satisfy the 'prejudice' requirement, the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  Clarke, 460 Mass. at 47, quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985).  "At a minimum, this means that the defendant must aver that to be the case."  Clarke, supra.  "After establishing that a defendant has satisfied this baseline requirement, a judge should proceed in two steps."  Commonwealth v. Lys, 481 Mass. 1, 7 (2018).  First, the defendant "must 'convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'"  Clarke, supra at 47, quoting Padilla, 559 U.S. at 372.  See Lys, supra at 7.

> "To prove [rationality], the defendant bears the substantial burden of showing that (1) he had an 'available, substantial ground of defence' . . . that would have been pursued if he had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time; or (3) the presence of 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on

7

immigration consequences in deciding whether to plead guilty" (footnote omitted).

Clarke, supra at 47-48. "If the defendant does establish at least one of the Clarke factors, then the judge must move to the second step and evaluate whether, under the totality of the circumstances, there is a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice." Lys, 481 Mass. at 7-8.

Here, the defendant's affidavit asserted that if he had been properly advised of the immigration consequences, he would not have pleaded guilty. And at the evidentiary hearing, he agreed that he would have asked plea counsel "to go to trial or at least file a motion to suppress the evidence." The defendant argues that such a decision would have been rational based on the first Clarke factor, i.e., that he had an available, substantial ground of defense in the form of a motion to suppress.[3] The defendant's appellate brief sets forth several

---

[3] The defendant's motion also suggested that he had an available and substantial defense because there was insufficient evidence of his intent to distribute. He did not, however, assert any reasonable probability that a better plea bargain could have been negotiated at the time (the second Clarke factor). The judge found that the disposition the defendant received -- one year of probation on a conviction punishable by up to ten years in State prison -- was "favorable." Nor has the defendant made any argument based on the third Clarke factor, 460 Mass. at 47-48, "special circumstances."

8

potential grounds for such a motion, including, in essence, that the search of the car's center console was unreasonable under the circumstances and thus unlawful. "Because the defendant waived the motion to suppress when he pleaded guilty, on his motion to vacate the plea he [bears] the burden of showing that he would have succeeded on the motion to suppress." Rodriguez, 101 Mass. App. Ct. at 58 n.5.

Accordingly, if on remand the judge finds plea counsel's performance to have been deficient, the judge should further address whether the defendant had an available and substantial ground of defense. If the judge concludes that he did, the judge should proceed to the "second step" described in Lys, 481 Mass. at 7-8.

Conclusion. The order denying the motion for new trial is vacated, and the case is remanded for further proceedings consistent with this decision.

So ordered.

By the Court (Sacks, Grant & Smyth, JJ.[4]),

Clerk

Entered: August 21, 2023.

---

[4] The panelists are listed in order of seniority.