NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-505

COMMONWEALTH

vs.

MARCOS V. DELANA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On February 8, 2002, the defendant pleaded guilty to two counts of indecent assault and battery on a person fourteen or older. Eighteen years after he pleaded guilty, the defendant filed a motion to withdraw his guilty pleas. The motion was denied, as was the defendant's motion for reconsideration. On appeal from those orders, the defendant argues that the judge erred in denying his motion for a new trial without holding an evidentiary hearing, in denying his motion for relief under G. L. c. 278, § 29D, and in denying his motion for reconsideration. We affirm.

Background. In support of his motion to withdraw his pleas, the defendant filed an affidavit, along with an affidavit

from motion counsel. The defendant's affidavit stated that he is a citizen of Brazil, that he entered the United States in 2000 at the age of eighteen, and that he was deported in 2017. The defendant claimed that at the time of his pleas, his plea counsel did not advise him of immigration consequences of pleading guilty and that, had counsel done so, the defendant would not have pleaded guilty. The affidavit additionally stated that the convictions made him permanently excludable from admission into the United States. The parties agree that the transcript of the defendant's plea colloquy is not available.

Additionally, the defendant submitted an affidavit from his motion counsel describing counsel's attempts to obtain an affidavit from Attorney Glynn, the defendant's plea counsel. Motion counsel stated that Attorney Glynn would not cooperate and sign an affidavit, but had stated that he had no memory of the case and that, at the time of the defendant's pleas, he "relied on the content of the tender of plea form or [g]reen [s]heet for immigration advice purposes."

On September 28, 2020, a nonevidentiary hearing was held. The defendant argued that if Attorney Glynn did in fact rely only on the green sheet for immigration warnings, that alone would have been deficient. He also argued that the Commonwealth, which had only provided the defendant with a

2

docket sheet that had a check box that read "Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 § 29D warning," had failed to provide the defendant with sufficient records of the colloquy as required by G. L. c. 278, § 29D. The judge did not credit the defendant's affidavit, finding it to be "self-serving" and "uncorroborated," and cited the nineteen-year[1] time lapse between the defendant's plea agreement and the request for a new trial. The judge also found that the defendant failed to rebut the presumption of regularity and denied his motion for a new trial.[2]

The defendant then filed a motion for reconsideration. In that motion, he argued that an evidentiary hearing should have been held because he presented a substantial issue warranting a hearing. He also submitted a second affidavit from motion counsel. This affidavit detailed a conversation with Attorney Glynn's receptionist, who stated that it was not Attorney Glynn who represented the defendant but rather it was Attorney Glynn's father, who also worked in the firm.[3] Despite repeated attempts,

---

[1] We note that it was technically only eighteen years between the defendant's pleas and the motion.

[2] The judge did not address the defendant's argument that the Commonwealth had failed to provide the defendant with sufficient records of the plea colloquy.

[3] We note that both parties agree that the information is incorrect, as the docket sheet clearly shows that Attorney John

the defendant's motion counsel was still unable to obtain an affidavit from Attorney Glynn. The defendant argued that this new information calling into question who represented the defendant raised a substantial issue requiring an evidentiary hearing. Lastly, he argued that the court erred by applying the presumption of regularity pursuant to G. L. c. 278, § 29D. The Commonwealth did not file a written opposition.

On March 17, 2022, another nonevidentiary hearing was held before the same judge. The motion for reconsideration was denied, and the court found the defendant had not met his burden or presented a substantial issue requiring an evidentiary hearing.

Discussion. The defendant makes three appellate arguments: (1) the judge erred in denying his motion for a new trial without holding an evidentiary hearing; (2) the judge erred in rejecting his G. L. c. 278, § 29D, claim for relief; and (3) the judge erred in denying his motion to reconsider because the Commonwealth waived its arguments. We address each argument in turn.

1. Motion for new trial. Rule 30 (b) of the Massachusetts Rules of Criminal Procedure, as appearing in 435 Mass. 1501

_____

Glynn, not his father Lawrence Glynn, actually represented the defendant.

4

(2001), authorizes a judge to grant a new trial at any time if it appears that justice may not have been done. "As a general matter, [a] motion for a new trial is addressed to the sound discretion of the judge, . . . and an appellate court will examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion" (quotations omitted). Commonwealth v. Watkins (No. 1), 486 Mass. 801, 804 (2021).

The defendant argues that the motion judge erred in denying his motion to withdraw his pleas because his plea counsel was ineffective. "Where a motion for a new trial is based on ineffective assistance of counsel, the defendant bears the burden of proving entitlement to a new trial by showing that the behavior of counsel fell below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Comita, 441 Mass. 86, 90 (2004), quoting Commonwealth v. Saferian, 366 Mass. 89, 96-97 (1974). Because the motion judge was not the plea judge and ruled on the motion without an evidentiary hearing, the record before us does not contain factual findings entitled to deference. See Commonwealth v. Perkins, 450 Mass. 834, 845 (2008).

"In determining whether the defendant met his burden under the performance prong of the Saferian standard, we must first address what level of advice plea counsel w[as] constitutionally required to provide the defendant given the charges against him." Commonwealth v. Henry, 88 Mass. App. Ct. 446, 452 (2015). When the immigration consequences of a plea are "truly clear," then "the duty to give correct advice is equally clear." Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 723 (2012), quoting Padilla v. Kentucky, 559 U.S. 356, 369 (2010). We agree with the defendant that if his plea counsel relied solely on the advice provided on the tender of plea form or "green sheet," that would be strong evidence that his counsel's performance was deficient. See Commonwealth v. Lavrinenko, 473 Mass. 42, 54 (2015) ("It is not sufficient for a criminal defense attorney, as a matter of practice, merely to give the same warning that the defendant will receive from the judge during the plea colloquy required by G. L. c. 278, § 29D"). We need not rule on this, however, because the defendant has not satisfied the prejudice prong of the Saferian standard.

Even if plea counsel's performance was deficient, the judge must then consider the question of resulting prejudice to the defendant. "In the context of a guilty plea, in order to satisfy the 'prejudice' requirement, the defendant has the

6

burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Commonwealth v. Clarke, 460 Mass. 30, 47 (2011), quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985). Additionally, the defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Clarke, supra, quoting Padilla, 559 U.S. at 369. To prove that rejecting the plea deal would have been rational, the defendant bears the "substantial burden" of showing that (1) he had an otherwise available, substantial ground of defense that he would have pursued if plea counsel had correctly advised him of the immigration consequences; (2) there is a reasonable probability that a different plea deal could have been negotiated that would have avoided the immigration consequences; or (3) "special circumstances" were present that would have made him place particular emphasis on immigration consequences. Clarke, supra at 47-48.

The defendant has not adequately shown any of these three are present. The case against him was exceedingly strong and he has not argued otherwise or that a substantial ground of defense existed. The defendant presented no credible evidence that a different plea deal could have been negotiated that would have

7

avoided immigration consequences.  See Chleikh, 82 Mass. App.
Ct. at 727 (defendant did not meet his burden where there was
"no evidence that there was a reasonable probability that the
defendant would have succeeded in negotiating a plea to
different charges or a sentence with different deportation
consequences").  As to "special circumstances," the defendant
argues that the immigration consequences and permanent exclusion
from admission to the United States were sufficient to establish
prejudice.  The defendant's situation at the time he tendered
his pleas is not sufficient to satisfy the special circumstances
requirement.  Commonwealth v. Rodriguez, 101 Mass. App. Ct. 54,
59 (2022) (no special circumstance existed where defendant moved
to United States at seventeen years old).  However, even
assuming that this was a "special circumstance," the presence of
special circumstances does not necessarily establish prejudice.
Lavrinenko, 473 Mass. at 57 ("a determination whether it would
be rational for a defendant to reject a plea offer 'must take
into account the particular circumstances informing the
defendant's desire to remain in the United States'" [citation
omitted]).  Based on our review of the evidence, we hold that
the judge did not abuse her discretion or commit an error of law
when she concluded that the defendant had not presented

sufficient evidence to show that it would have been rational for him to have rejected the plea deal and that he was prejudiced.

Turning to the defendant's argument that an evidentiary hearing should have been held, the motion judge may decide the motion "on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits."  Mass. R. Crim. P. 30 (c) (3).  Doing so does not deprive a defendant of due process rights.  See Lykus v. Commonwealth, 432 Mass. 160, 163 (2000).  We "defer to the sound discretion of the judge below whether a motion for postconviction relief requires a hearing," id., and only reverse if we conclude that the judge abused that discretion. Commonwealth v. Amaral, 482 Mass. 496, 509 (2019).  To determine whether an issue is substantial, we consider "both the seriousness of the issue itself and the adequacy of the defendant's showing" (citation omitted).  Commonwealth v. Marrero, 459 Mass. 235, 240 (2011).

Here, the judge did not abuse their discretion by determining that the defendant did not present a substantial issue requiring an evidentiary hearing.  The court found the defendant's affidavit was self-serving and determined that an evidentiary hearing was not necessary to rule on his motion. This determination was entirely within the judge's discretion,

see Lykus, 432 Mass. at 163, and the defendant has not convinced us that the judge abused that discretion.  See Commonwealth v. Jacobs, 488 Mass. 597, 600 (2021), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) ("we consider whether the motion judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives'").

2.  General Laws c. 278, § 29D, claim for relief.  Section 29D of G. L. c. 278, as in effect when the defendant tendered his pleas, required that a defendant who is not a United States citizen be advised that such plea "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization."  St. 1996, c. 450, § 254.  The statute further provided that "[a]bsent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." Id.  Therefore "[t]he Commonwealth bears the burden of providing an affirmative record that the required advisement was given, . . . and it retains that burden regardless of how much time has passed since the defendant's guilty plea" (quotations omitted). Commonwealth v. Marques, 84 Mass. App. Ct. 203, 205 (2013).  "If there is no 'official record or a contemporaneously written record kept in the court file that the court provided the

10

advisement as prescribed [by G. L. c. 278, § 29D], including but not limited to a docket sheet that accurately reflects that the warning was given as required by this section, the defendant shall be presumed not to have received advisement.'" Id., quoting G. L. c. 278, § 29D.

Here, the Commonwealth provided the defendant with a docket sheet that had a checked-off box that read "Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 § 29D warning." The defendant argues that this is insufficient because it is ambiguous whether the judge provided the defendant with an adequate warning. We disagree and believe it is quite clear. Accordingly, we hold the motion judge did not err or abuse her discretion in concluding that the Commonwealth had met its burden.

3. Motion for reconsideration. Finally, the defendant argues that the judge erred in denying his motion to reconsider because the Commonwealth waived its arguments by not raising them in a written opposition or orally during the second nonevidentiary hearing. This argument, however, fundamentally misunderstands a motion judge's role when considering a motion for a new trial. A motion judge's role in this context is to determine if the defendant has met their burden of showing a substantial issue whether justice was not done, such that a new

11

trial is warranted.  See Mass. R. Crim. P. 30 (b).  The Commonwealth might present evidence or make arguments against the grant of a new trial, but it has no burden to do so, and the ultimate determination still remains within the judge's discretion.  It is therefore of no consequence that the Commonwealth did not present the judge with any of the particular reasoning that she ultimately relied on in making her ruling.  We accordingly affirm.

> Order denying motion for a
>   new trial affirmed.
>
> Order denying motion for
>   reconsideration affirmed.
>
> By the Court (Meade, Walsh &
>   D'Angelo, JJ.[4]),
>
> Clerk

Entered:  August 27, 2024.

---

[4] The panelists are listed in order of seniority.