NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1326

COMMONWEALTH

vs.

EDSON C. LOPES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from an order allowing the

defendant's motion for a new trial pursuant to Mass. R. Crim. P.

30 (b), as appearing in 435 Mass. 1501 (2001).  The defendant

was indicted in 2015 on a single count of trafficking heroin in

an amount more than thirty-six grams and less than one hundred

grams, in violation of G. L. c. 94C, § 32E (c) (2).  He elected

to plead guilty, and, in consideration for his plea, the

Commonwealth amended the trafficking indictment to the reduced

offense of possession with intent to distribute a class A

substance, in violation of G. L. c. 94C, § 32 (a).[1]  Following a

_____

[1] Prior to changing his plea, the defendant did not file a pretrial motion to suppress the evidence we discuss infra, or to dismiss the charges.

colloquy in which the defendant affirmed, amongst other consequences, that he understood he could face deportation as a result of his conviction, the plea judge accepted his plea.[2] More than six years later, after traveling abroad to his country of origin, Cape Verde, and being subjected to removal proceedings stemming from this conviction, the defendant filed a motion for a new trial, arguing that he had received ineffective assistance of counsel because his plea counsel did not advise him of the specific immigration consequences that he would suffer as a result of his plea. After a nonevidentiary hearing, a judge of the Superior Court, who was not the plea judge, allowed the motion. Concluding that the judge abused his discretion by improperly considering factors that were not present at the time of the plea and by failing to consider the totality of the circumstances at the time of the plea, we vacate the order granting the motion for a new trial and remand the matter for further consideration.

Discussion. "A motion for new trial is the proper vehicle through which to request that a guilty plea be vacated."

---

[2] Conviction of trafficking heroin in an amount more than thirty-six grams and less than one hundred grams carries a mandatory minimum sentence of five years in State prison. G. L. c. 94C, § 32E (c) (2). In exchange for his plea, the defendant was given a sentence of two years in the house of correction, suspended for two years during which time he was subject to administrative probation.

Commonwealth v. Cano, 87 Mass. App. Ct. 238, 240 (2015). "We review the judge's decision 'to determine whether there has been a significant error of law or other abuse of discretion'" (citation omitted). Id. "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "When, as here, the motion judge did not preside [at the plea hearing] . . ., we regard ourselves in as good a position as the motion judge to assess the . . . record." Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 549 (2014), quoting Commonwealth v. Petetabella, 459 Mass. 177, 181 (2011).

"The policy favoring the finality of just convictions imposes a 'rigorous standard' upon the discretionary allowance of motions under rule 30 (b)." Commonwealth v. Almonte, 84 Mass. App. Ct. 735, 738 (2014), quoting Commonwealth v. Berrios, 447 Mass. 701, 708 (2006), cert. denied, 550 U.S. 907 (2007). "Allowance must rest upon 'substantial reasons.'" Almonte, supra, quoting Commonwealth v. Tucceri, 412 Mass. 401, 406 (1992). To prevail on a claim of ineffective assistance of counsel, "the defendant bears the burden of showing that his attorney's performance fell measurably below that which might be

expected from an ordinary fallible lawyer, and that he suffered prejudice because of his attorney's unprofessional errors" (quotation and citation omitted).  Commonwealth v. Lavrinenko, 473 Mass. 42, 51 (2015).  See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

On appeal, the parties focus their arguments with respect to ineffective assistance on the prejudice prong of the Saferian analysis, and we will do so as well.[3]  "In the context of a guilty plea, in order to satisfy the 'prejudice requirement,' the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

---

[3] The judge determined that plea counsel rendered substandard performance when he failed to advise the defendant that his conviction would result in the defendant's exclusion from admission into the United States, and we agree.  See Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 723 (2012), quoting Padilla v. Kentucky, 559 U.S. 356, 369 (2010) (when immigration consequences of plea are "truly clear," then "the duty to give correct advice is equally clear").  We are unconvinced by the Commonwealth's argument that the judge was obligated to hold an evidentiary hearing before reaching this conclusion, as we discern no meaningful inconsistency in plea counsel's affidavit.  Plea counsel's statement that "I would not have informed [the defendant] about the specific consequences about re-entering the U.S." cannot be said to be inconsistent with the warning on the waiver of rights form, that a conviction "could result in my . . . exclusion from admission to the United States" (emphasis added).  See Almonte, 84 Mass. App. Ct. at 738, quoting Commonwealth v. Shuman, 445 Mass. 268, 278 (2005) (judge should exercise discretion to hold evidentiary hearing if "'a substantial issue necessitating a hearing' has arisen from the submitted affidavit material").

4

trial.'"  Lavrinenko, 473 Mass. at 55, quoting Commonwealth v. Clarke, 460 Mass. 30, 47 (2011), abrogated in part on other grounds by Chaidez v. United States, 568 U.S. 342 (2013).  To establish that reasonable probability, "[a]t a minimum, . . . the defendant must aver that to be the case."[4]  Lavrinenko, supra, quoting Clarke, supra.  Having made such an assertion, the defendant "must [then] convince the court that a decision to reject the plea bargain would have been rational under the circumstances" (quotation omitted).  Commonwealth v. DeJesus, 468 Mass. 174, 183 (2014), quoting Clarke, supra.

> "To prove that rejecting the plea would have been rational under the circumstances, 'the defendant bears the substantial burden of showing that (1) he [or she] had an "available, substantial ground of defence," . . . that would have been pursued if he [or she] had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time[;] or (3) the presence of "special circumstances" that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty.'"  (Footnote omitted).

Lavrinenko, supra at 55-56, quoting Clarke, supra at 47-48.

In his written motion for a new trial, the defendant argued that all three Clarke factors supported the conclusion that it would have been rational under the circumstances to reject the plea had he been given proper advice.  However, his arguments

---

[4] The judge properly found that the defendant satisfied this baseline requirement by averring as much.

5

regarding the first two factors lacked substance.  Regarding the first factor, although he made a passing reference to the possibility of a motion to suppress in his motion for a new trial, he did not identify what the basis for such a motion might have been.  As to the second factor, he offered a conclusory assertion that he might have been able to structure a plea in such a way as to avoid immigration consequences but did not reasonably explain how he might have done so.[5,6]  See Commonwealth v. Rodriguez, 101 Mass. App. Ct. 54, 59 (2022) (Clarke factor not met where defendant presented no support for claim regarding alternative plea).  Accordingly, the judge's analysis exclusively addressed the question whether the defendant had offered evidence of special circumstances sufficient to support his motion.  The judge determined that he had, relying on the defendant's family and community ties to the United States to do so.[7]

---

[5] As we discuss infra, the Commonwealth's evidence against the defendant was strong, and we are accordingly doubtful that the defendant had much leverage during plea negotiations.

[6] Arguably, the defendant's plea deal was structured in such a way as to limit his exposure to immigration consequences, as he was not deported following his conviction, despite having been found guilty of "a violation of . . . [a] law . . . relating to a controlled substance."  8 U.S.C. § 1227(a)(2)(B)(i) (2012).

[7] We note that the defendant has not claimed that Cape Verde is unstable, or that he otherwise faces dire circumstances in the event that he is to be returned there or denied admission to

6

We conclude, however, that the judge erred in making this determination for two reasons. First, he erred by improperly considering a factor that was not present at the time of the plea. Specifically, when describing "the depth and quality of the roots [the defendant] has planted in this country," Lavrinenko, 473 Mass. at 58, the judge wrote that "[the defendant] wants to remain here to raise his two-year-old son, who is a citizen." The defendant's son, however, was not born at the time of the defendant's plea in 2016 and could not have contributed to his decision to accept or reject the plea bargain. See Clarke, 460 Mass. at 47. At the time of the defendant's plea, the only factors in support of his claim of special circumstances were his status as a lawful immigrant, the presence of his parents, grandmother, sister, and other relatives in the United States,[8],[9] and his employment at an autobody shop. Without more, however, lawful status,

---

the United States after having traveled there. Contrast Lavrinenko, 473 Mass. at 59 (special circumstance were that deportation "may be an especially severe and dangerous consequence").

[8] The defendant did not aver that any of his family members were dependent on him at the time of his plea. See Rodriguez, 101 Mass. App. Ct. at 59-60.

[9] Although the defendant has claimed that, at the time of his plea, "all of his family members were [in the United States]," we note that he traveled to Cape Verde to attend the funeral of his grandfather.

employment, and the presence of nondependent family members are not enough to support a finding of special circumstances. Rodriguez, 101 Mass. App. Ct. at 59-60.

Second, the judge did not adequately weigh the strength of the Commonwealth's case at the time of the plea. See Commonwealth v. Lys, 481 Mass. 1, 15 (2018), quoting Lavrinenko, 473 Mass. at 59 ("[t]he prejudice determination rests on the totality of the circumstances"). After executing a search warrant at 6 A.M., State troopers and Brockton police detectives discovered approximately fifty grams of heroin divided into six packages in the defendant's vehicle. They further discovered a receipt for the vehicle in the defendant's apartment and had seen him driving it previously. The Commonwealth stated during the defendant's plea colloquy that five of those packages of heroin were consistent with distribution. Given the large quantity of heroin recovered, the Commonwealth was prepared to present a compelling case that the defendant had engaged in narcotics trafficking, against which the defendant could offer little in the way of defense.[10] See Lavrinenko, 473 Mass. at 59

---

[10] We are unconvinced by the defendant's argument that he would have placed "particular emphasis on immigration consequences in deciding whether to plead guilty." Lys, 481 Mass. at 9-10, quoting Clarke, 460 Mass. at 47-48. Specifically, the defendant contends that, had he been properly advised, he would have gone to trial on the remote chance that he would be found not guilty, and, accordingly, avoid deportation. Given the considerable evidence marshalled by the

8

n.20 (judge may consider defendant's assessment of prosecution's case in relation to defendant's own case). Contrast Martinez, 86 Mass. App. Ct. at 553 (defendant's minor role in low-value drug transaction supported finding of prejudice). Although the judge offered a passing reference to the favorable plea deal obtained by the defendant, he was obligated to consider the totality of the circumstances at the time of the plea in assessing the prejudice prong and abused his discretion by failing to appropriately consider the strength of the Commonwealth's case, as well as by considering facts that were nonexistent at that time. See Lavrinenko, 473 Mass. at 59.

For the forgoing reasons, the order dated June 28, 2023, granting the defendant's motion for a new trial, is vacated. We remand the matter to the Superior Court for further consideration consistent with this memorandum and order. We

---

Commonwealth, however, we cannot say that it would have been rational to proceed to trial given the generous plea deal available to the defendant. See Lavrinenko, 473 Mass. at 59 n.20.

leave the question whether to hold an evidentiary hearing to the sound discretion of the motion judge.

So ordered.

By the Court (Green, C.J.[11],
  Desmond & Hershfang, JJ.[12]),

Clerk

Entered:  September 12, 2024.

---

[11] Chief Justice Green participated in the deliberation on this case prior to his retirement.

[12] The panelists are listed in order of seniority.