NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-144

COMMONWEALTH

vs.

EDSON C. LOPES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from an order of a Superior Court judge allowing the motion of the defendant, Edson C. Lopes, to withdraw his plea and for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  The Commonwealth argues that (1) a decision by a prior panel of this court removed the motion judge's authority to grant the motion, and (2) the judge abused his discretion in concluding that a reasonable person in the defendant's position would have rejected the plea deal and gone to trial to try to avoid permanent exclusion from admission to the United States.  We affirm.

Background.  In 2015, the defendant was indicted on a single count of trafficking heroin in an amount more than thirty-six grams and less than one hundred grams, in violation of G. L. c. 94C, § 32E (c) (2), as then in effect.[1]  By statute, a person convicted of this offense must serve at least five years in State prison.  Id.  In 2016, the defendant elected to plead guilty, and, in consideration for his plea, the Commonwealth amended the trafficking indictment to the reduced offense of possession with intent to distribute a class A substance, in violation of G. L. c. 94C, § 32 (a).  Following a colloquy, the plea judge accepted the defendant's plea, and the defendant was sentenced to two years in the house of correction, suspended for two years during which time he was subject to administrative probation.

In 2021, the defendant traveled to Cape Verde for the funeral of his grandfather.  Upon his return to the United States, the defendant was issued a notice from the Department of Homeland Security ordering him to appear before an immigration judge to show why he should not be removed from the United States due to his drug conviction.  In 2023, the defendant filed a motion to withdraw his plea and for a new trial on the basis of ineffective assistance of counsel regarding the immigration

_____

[1] The statute was amended in 2016 and 2018.  The amendments do not affect our analysis.

2

consequences of his plea.  The motion was supported by the defendant's affidavit, an affidavit from his plea counsel, and letters attesting to his good character.  After a nonevidentiary hearing, the motion judge allowed the motion.

The Commonwealth appealed from the judge's order allowing the motion, and in an unpublished decision a panel of this court vacated the order and "remand[ed] the matter to the Superior Court for further consideration consistent with this memorandum and order."  Commonwealth v. Lopes, 104 Mass. App. Ct. 1121 (2024).  The panel agreed with the judge that the defendant's plea counsel rendered substandard performance by failing to advise the defendant that his conviction would result in his exclusion from admission into the United States.  The panel concluded, however, that the judge erred in determining that the defendant offered evidence of special circumstances sufficient to show that, but for the ineffective assistance of counsel, there was a reasonable probability that the defendant would not have pleaded guilty and would have insisted on going to trial.  See Commonwealth v. Lavrinenko, 473 Mass. 42, 55 (2015).  In remanding the matter, the panel stated, "We leave the question whether to hold an evidentiary hearing to the sound discretion of the motion judge."

On remand, the same motion judge held an evidentiary hearing at which the defendant testified.  The Commonwealth did

3

not object to the judge conducting an evidentiary hearing.  The Commonwealth did not call any witnesses or present any evidence in opposition to the defendant's motion.  After the hearing, the judge again allowed the defendant's motion and ordered a new trial.  The Commonwealth now appeals from that order.

Discussion.  We review a judge's ruling on a motion for a new trial "only to determine whether there has been a significant error of law or other abuse of discretion."  Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016), quoting Lavrinenko, 473 Mass. at 47.  "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

1.  Compliance with the prior panel's decision.  On remand, a trial court judge must follow the terms of an appellate court's decision as to matters addressed in that decision.  See City Coal Co. of Springfield v. Noonan, 434 Mass. 709, 710-712 (2001).  The appellate court's instructions become "the governing 'law of the case' and should not [be] reconsidered by the remand judge."  Id. at 712 (vacating portion of judgment that exceeded trial judge's authority by reconsidering issue

4

that appellate court already decided).  See Sprague v. Ticonic
Nat'l Bank, 307 U.S. 161, 168 (1939) ("The general proposition
which moved [the trial court] -- that it was bound to carry the
mandate of the upper court into execution and could not consider
the questions which the mandate laid at rest -- is
indisputable").

Here, the Commonwealth first contends that the judge
"inexplicably ignored" the prior panel's order by holding an
evidentiary hearing on remand to "relitigat[e] the defendant's
motion for [a] new trial."  The Commonwealth waived this issue
by failing to raise it in the Superior Court.  See Commonwealth
v. Bettencourt, 447 Mass. 631, 633-634 (2006).  Even if it were
not waived, it is meritless.  The panel vacated the judge's
order allowing the defendant's motion and remanded the matter
"for further consideration consistent with this memorandum and
order" while "leav[ing] the question whether to hold an
evidentiary hearing to the sound discretion of the motion
judge."  Lopes, 104 Mass. App. Ct. 1121.  Accordingly, the judge
did not act outside the terms of the panel's decision by holding
an evidentiary hearing on remand.

We similarly disagree with the Commonwealth's claim that
because the panel "ruled on the ultimate issues presented in the
defendant's motion for new trial, [the judge] was without
authority to rule otherwise."  That claim cannot be reconciled

5

with the panel's order remanding the case "for further consideration." Lopes, 104 Mass. App. Ct. 1121. In its decision, the panel agreed with the judge that the defendant's plea counsel rendered substandard performance in advising the defendant on the consequences of the plea. Id. It concluded, however, that in applying the prejudice prong of the ineffective assistance framework, the judge failed to consider the totality of circumstances at the time of the plea in assessing the strength of the Commonwealth's case, and also improperly considered the defendant's relationship with his son as a factor showing "the depth and quality" of his roots in the United States, because the son had not been born at the time of the plea. Id. See Lavrinenko, 473 Mass. at 58-60. Citing Commonwealth v. Rodriguez, 101 Mass. App. Ct. 54, 59-60 (2022), the panel stated that the defendant needed to show more than "lawful status, employment, and the presence of nondependent family members" to support a finding of special circumstances. Lopes, 104 Mass. App. Ct. 1121. The panel clearly anticipated that on remand the judge would further consider the defendant's motion, perhaps on an expanded evidentiary record supported by a hearing, in a manner consistent with its decision.

2. Prejudice. "In the context of a guilty plea, in order to satisfy the 'prejudice' requirement, the defendant has the burden of establishing that 'there is a reasonable probability

6

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'" (citation omitted). Commonwealth v. Clarke, 460 Mass. 30, 47 (2011), abrogated in part on other grounds by Chaidez v. United States, 568 U.S. 342 (2013). "To prove that rejecting the plea would have been rational under the circumstances, 'the defendant bears the substantial burden of showing that (1) he [or she] had an "available, substantial ground of defence," . . . that would have been pursued if he [or she] had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time; or (3) the presence of "special circumstances" that support the conclusion that he [or she] placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty.'" Lavrinenko, 473 Mass. at 55-56, quoting Clarke, supra at 47-48. In evaluating whether a defendant has established the existence of special circumstances, a judge must consider all of the factors collectively, since "[u]ltimately, a defendant's decision to tender a guilty plea is a unique, individualized decision, and the relevant factors and their relative weight will differ from one case to the next." Commonwealth v. Lys, 481 Mass. 1, 8, 11 (2018), quoting Lavrinenko, supra at 59 n.20.

Here, in his decision on remand, the judge relied on the presence of special circumstances in concluding that the defendant was prejudiced by his plea counsel's ineffective assistance.[2]  The judge found that, "despite the strength of the case against him and the mandatory minimum sentence he faced, [the defendant] would not have taken the plea deal if he had known that he might never again live in the United States."  In particular, the judge credited the defendant's testimony that he was close to and helped take care of family members who were United States citizens, assisting with bills, groceries, and medical appointments.  The judge concluded that a reasonable person in the defendant's position, "a lawful permanent resident since age thirteen, with all his immediate family members living here, who took care of that family and had strong community ties, who appreciated the educational and financial opportunities this country provided and believed it to be 'a dream come true,' would have rejected the plea deal and gone to trial despite the near certainty of a five-year sentence, to try to avoid permanent exclusion from admission to the United States."

---

[2] As to the other two Clarke factors, 460 Mass. at 47-48, because we affirm the judge's decision based on the special circumstances factor, we need not address them.

8

We do not discern a significant error of law or other abuse of discretion in the judge's order. See Lavrinenko, 473 Mass. at 47. First, the judge complied with the prior panel's decision by excluding the defendant's relationship with his son as a factor in the prejudice analysis and relying on factors beyond the defendant's lawful status, the defendant's employment, and the presence of nondependent family members. Second, courts have acknowledged that special circumstances sufficient to support a finding of prejudice may exist in circumstances similar to those here. For example, in Commonwealth v. DeJesus, 468 Mass. 174, 176, 183-184 (2016), the Supreme Judicial Court upheld a finding of special circumstances where the defendant was in the United States since he was eleven years old, his family was local, and he maintained steady employment, even though by pleading guilty the defendant received "a very good deal" and avoided a five-year mandatory minimum incarceration sentence. The court explained that a noncitizen defendant may assess the apparent benefits of a plea offer differently than others, since "preserving his 'right to remain in the United States may be more important to [him] than any jail sentence.'" Id. at 184, quoting Padilla v. Kentucky, 559 U.S. 356, 368 (2010). See Lee v. United States, 582 U.S. 357, 371 (2017) (even where trial will "almost certainly" lead to deportation, where accepting plea agreement would "certainly

lead to deportation," noncitizen defendant may rationally choose to proceed to trial, "holding on to some chance of avoiding deportation"); Sylvain, 473 Mass. at 834-837 (judge credited defendant's statement that plea was not "a 'deal'" if it would result in him being deported).  Lastly, we are unpersuaded by the Commonwealth's suggestion that we should discredit the defendant's testimony because it was "self-serving" and addressed some circumstances not mentioned in his 2022 affidavit.  As a reviewing court, we grant the "utmost deference" to "the credibility determinations of the judge who heard the testimony of the parties . . . [and] observed their demeanor" (quotations and citations omitted).  Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

Conclusion.  The order allowing the defendant's motion to withdraw his plea and for a new trial is affirmed.[3]

So ordered.

By the Court (Rubin, D'Angelo & Toone, JJ.[4]),

Clerk

Entered:  November 10, 2025.

---

[3] The defendant's request for attorney's fees is denied.

[4] The panelists are listed in order of seniority.